Lippincott v. Williams.

J. HAINES LIPPINCOTT, trustee,

*v.*

KATE BAKER WILLIAMS et al.

[Filed February 19th, 1902.]

1. A trust deed authorized the trustee, his heirs or assigns, and the beneficiary, at any time during the latter's life, by joining in a deed, to revoke, alter or make void all or any of the uses or estates limited in the trust lands, and, by such indenture, or by any other indenture, to convey the land in fee-simple or in mortgage, or any less estate, freed and discharged from any trust or limitation whatsoever, or by such indenture to appoint and declare any new or other uses of the said land, and the moneys arising from such sale or loan to invest in other real estate, &c., *subject to the same uses and trusts and under the same provisions as before declared concerning the trust land.* Afterwards the trustee and the beneficiary joined in a conveyance of the property.—*Held,* the proceeds of

Lippincott *v.* Williams.

the sale belong to the trustee as part of the trust estate. The trustee and beneficiary have power, under the terms of the deed, to revoke or alter the trust as to the uses and estates in the proceeds of the sale in the same manner that the deed gave them power to revoke or alter it as to the uses and estates in the land.

2. A mere notice served on the trustee by the beneficiary that, under the powers vested in her, she revoked and made void the trust, is insufficient to terminate it. The terms of the deed require that the revocation shall be by indenture, both the trustee and the beneficiary joining therein.

On bill for construction of trust deed and answer.

The bill in this case is filed by J. Haines Lippincott, trustee, under a deed dated June 5th, 1865, made by Victor Gillou and others to Peter W. Baker, conveying lands at the southeasterly corner of Atlantic and Pennsylvania avenues, in Atlantic City.

The deed in question directs that the trustee shall let the property, recover the rents and pay them into the hands of Kate Baker, daughter of Peter W. Baker, or to her appointee, or, at her option, shall suffer her to let or to occupy and enjoy the premises and receive the rents during the term of her natural life, for her own separate benefit, without liability for the debts of her husband, if any she should have, paying taxes and expenses of repair, &c., her receipt, whether she be *covert* or *sole,* to be a valid discharge. After her death, in further trust, for the use of such children of Kate Baker as should be living at the time of her death, and the issue of such children as should then be deceased, in equal shares, as tenants in common, the issue of any deceased children to take only their parents' share, and in case Kate Baker should depart this life without leaving surviving child or the issue of a deceased child, then the whole of the said premises to be in further trust for the use and benefit of the right heirs-at-law of said Kate Baker. Then follows in the trust deed this proviso:

"Provided always, nevertheless, and it is hereby expressly agreed and declared by and between the parties hereto, that it shall and may be lawful for the said Peter W. Baker, his heirs or assigns, at any time or times during the life of the said Kate Baker, by indenture or indentures, well and sufficiently executed by and with the consent of the said Kate Baker, testified by her becoming a party to and signing and sealing the same, to revoke,

alter, change, modify or make void all and every of the uses and estates hereinbefore limited and declared and appointed of and concerning the said messuage, lot of land and premises, and by such indenture and indentures or by any other indenture or indentures well and sufficiently executed as aforesaid, to bargain, sell, grant and convey the said messuage, lot of land and premises, or any part thereof, to any person or persons, in fee-simple, or in mortgage, for any less estate, freed and discharged from any trust or limitation whatever, and without any liability whatever on the part of any purchaser or purchasers, mortgagee or mortgagees as to the application, non-application or misapplication of the purchase or mortgage moneys; or by such other indenture or indentures to appoint and declare any new or other uses of the said messuage, lot of land or premises, and the moneys arising from such sale or loan, obtained by mortgage of the premises to invest, in other real estate, in mortgage, stock or other securities, subject to the like and same uses and trusts, and under the same provisions, conditions and limitations as are hereinbefore declared of and concerning the said messuage, lot of land and premises hereby granted, anything hereinbefore contained to the contrary thereof, in anywise notwithstanding."

The bill of complaint further narrates that the trustee, Peter W. Baker, died, leaving him surviving as his only issue the said Kate Baker, who married one Williams, and since his decease remains his widow, Kate Baker Williams; that Emma Gaul Miller (formerly Williams) is the only issue of that marriage, and that there are no deceased children of Kate Baker Williams, and that Emma Gaul Miller (formerly Williams) has had no children.

The bill further states that in March, 1901, Kate Baker Williams, Emma Gaul Miller and Wirt D. Miller, her husband, petitioned this court for the appointment of a trustee in the place of said Peter W. Baker, who had departed this life, and that on April 8th, 1901, J. Haines Lippincott, the complainant in this cause, was appointed trustee in the stead of said Peter W. Baker, to perform the trusts set forth in said deed; that in execution of said trusts the said J. Haines Lippincott, trustee as aforesaid, has conveyed the premises described in the trust deed to Samuel W. Moore and others for $65,000, in which conveyance said Kate Baker Williams, Emma Gaul Miller and Wirt D. Miller joined as approving and assenting thereto; that the purchase-money for said conveyance was partly in cash and partly secured by mortgage to the said trustee, who now holds the said mortgage and also the cash proceeds of said sale.

The bill further narrates that about July 1st, 1901, the said Kate Baker Williams served notice upon the complainant trustee

as above stated; that, under the powers vested in her by the above-quoted proviso of the trust deed, she revoked and made void "all and every the trust, uses and estates limited, declared and appointed of and concerning the said premises," and demanded of the trustee that he should turn over to her all moneys in his hands, cash proceeds of said sale, less expenses and fees attending the same, and should assign and set over to her, absolutely, the mortgage received by him securing part of the purchase-money of said conveyance.

The complainant further states that the defendant Kate Baker Williams insists that she has a right, under the terms of the said deed, to revoke the trusts named and to appoint herself as the recipient of said trust funds, and thereby to become the owner of the proceeds of sale of said trust property, free from the trusts expressed in said deed, and that she insists that she has so revoked said trusts and that she is presently entitled to have said cash proceeds of sale and said purchase-money mortgage transferred to her absolutely. The complainant alleges that he has no special interest in the premises, or in the proceeds of said sale, and is entirely willing to turn over the same to Kate Baker Williams, if, with safety to himself, as trustee under the terms of said trust, he can do so; that he is in doubt as to the proper construction of the revoking clauses in said trust deed, and prays the aid of this court as to their true interpretation and meaning, and that he may be instructed whether or not he still holds the proceeds of said sale and said mortgage upon the same uses and trusts set forth in said trust deed.

The defendants, Kate Baker Williams, Emma Gaul Miller and Wirt D. Miller, join in an answer admitting, in substance, all of the facts stated in the complainant's bill of complaint, but they insist that, by the true construction of the terms of the trust deed, the said Kate Baker Williams had power to revoke the uses and trusts therein expressed, and to make the proceeds of the sale of said premises absolutely payable to herself, freed and discharged from any other uses and trusts named in the said deed, and that, under the circumstances narrated in said bill of complaint, she has so revoked those uses and trusts, and that the cash proceeds of the sale of the said premises are payable to her,

and the said mortgage securing part of the same is assignable to her, freed and clear of any and all trusts expressed in the said trust deed.

The cause was set down for hearing on bill and answer, the only matter argued being the question above indicated, the construction of the clauses in the trust deed giving to the defendant Kate Baker Williams a power of revocation of the trusts created by the deed.

*Mr. Clarence L. Cole,* and *Mr. A. M. Palmer* (of the Pennsylvania bar), for the defendants, no one appearing for the complainant.

GREY, V. C.

This cause has been argued *ex parte,* the complainant submitting the case upon the pleadings and the defendants' counsel presenting that construction of the trust deed for which she has contended in her answer.

The proviso of the trust deed contains the clauses which define by whom, and the mode in and extent to which, the powers of revocation and alteration of the trusts expressed in the deed may be exercised. Upon careful reading it will be found that several powers are granted which are distinctly different. The first authorizes the trustee and his heirs and assigns and Mrs. Kate Baker Williams, at any time during her life, by joining in a deed, either wholly to revoke all or any of the uses and estates limited in the trust lands, or to change or modify them. The second enables the trustee and Mrs. Kate Baker Williams, in the same manner, to sell or to mortgage the trust lands, discharged of the trust, and relieves the purchaser from liability to see to the application of the purchase-money. The third empowers the trustee and Mrs. Williams, in the same manner, to appoint and declare new or other uses of the lands, and to invest the money arising from any sales or mortgage of the premises in other real estate or mortgage, or in stocks or other securities, subject to the same uses and trusts and under the same provisions, conditions and limitations as are by the trust deed declared concerning the trust lands.

Lippincott *v.* Williams.

It is quite apparent that the first power might readily be so used as to wholly terminate the trust. If the trustee and Mrs. Williams have, in the manner required by the proviso, revoked the trust expressed in the deed as they are authorized to do by the first clause, and have altered it by appointing the lands to the absolute use and enjoyment of Mrs. Williams, the object of the trust has been fulfilled and its life has come to an end. In that case, the trust lands having already been disposed of, there would be no occasion for the exercise of the second power to sell or to mortgage them, or of the third to appoint new or other uses of them, or to invest the moneys arising from their sale subject to the same trusts as are expressed in the deed.

The same result attends upon the trust property when, after a sale, it constitutes either a cash fund or an invested security. It is true that the third clause, in authorizing the trustee and Mrs. Williams to appoint the trust lands to new or other uses, directs that the money arising from a sale or mortgage be invested subject to like uses and trusts as are expressed in the deed. But the same clause also declares that the purchase or mortgage moneys shall be subject to the "same provisions, conditions and limitations as are hereinbefore declared of and concerning the said messuage, lot of land," &c. These words subject the purchase-money and its investment to the same conditions and limitations which the trust deed imposes upon the lands. They bring the purchase-money and the securities which represent it under the operation of the powers of revocation and modification given by the first clause of the proviso of the deed.

The settler intended, and has expressed his purpose, that the land and the proceeds of its sale or mortgage, in whatever form they might be secured, should be and remain, subject to the trusts expressed in the deed, until the trustee and Mrs. Kate Baker Williams, in the manner in the deed directed, should revoke, change or modify them and appoint to other uses, and that, when they should so revoke and appoint, the trust lands or the proceeds of their sale should pass to the other uses so by them appointed.

The trustee complainant not only prays that he may be instructed as to the true meaning of the trust deed, but he asks that

he may be advised whether or not he holds the cash proceeds of sale and the mortgage securing part of the purchase-money upon the same uses and trusts as are set forth in the deed to Peter W. Baker.

The true construction of the trust deed upon the point submitted has been hereinbefore declared. As to the remaining question whether the trustee now holds the proceeds of sale subject to the same uses declared by the trust deed, he must be advised that at the present time, so far as the facts are disclosed by the bill and answer, he does.

The trust deed provides that the trustee, "by indenture well and sufficiently executed by and with the consent of the said Kate Baker, testified by her becoming a party to and signing and sealing the same," may revoke, &c. The only allegation in the bill or answer of any act of revocation is the statement in the bill of the service of a notice by Mrs. Kate Baker Williams upon the trustee. If the deed conveying the premises, in which both the trustee and Mrs. Williams joined as grantors, contained a revocation of the trust, it is not so alleged in the pleadings. The revocation has not been accomplished by the mere notice served upon the trustee by Mrs. Williams. The trustee must revoke by his indenture, Mrs. Williams consenting by becoming a party thereto, as prescribed in the trust deed.

A decree will be advised according to the views above expressed.