JOHN E. ROBESON et ux.

*v.*

STEPHEN H. DUNCAN.

[Decided August 6th, 1908.]

1. A grantor conveyed land to a grantee "and to the heirs of her body," on conditions by which the grantor reserved, during the joint lives of himself and wife, the right to possess and enjoy the premises, and, if the

grantee should die without leaving any heir of her body, the premises should revert to the grantor, &c.—*Held*, that the estate conveyed to the grantee was an estate of freehold, but not in possession.

2. A grantor conveyed land to a grantee "and to the heirs of her body" on conditions by which the grantor reserved, during the joint lives of himself and wife, the possession and enjoyment of the premises, and, if the grantee should die without leaving any heir of her body, the premises should revert to the grantor, &c. The grantee, for a valuable consideration, quitclaimed to the grantor.—*Held*, that, if the conveyance to the grantee created an estate tail, she took but a life interest, so that her conveyance to her grantor created in him an estate only during her life, for under *1 Gen. Stat. 1895 p. 1195 § 11*, the freehold conveyed to her would not ripen into a fee-simple until the limitation over took effect.

3. Act March 24th, 1899 (*P. L. 1899 p. 531*), as amended by act April 9th, 1902 (*P. L. 1902 p. 688*), providing that a conveyance to a given person without more, shall, unless exception be made therein, convey a fee-simple, if the grantor have a fee-simple, does not apply to a conveyance by a grantor to a grantee and the heirs of her body on conditions by which the grantor reserves during the joint lives of himself and wife the possession and enjoyment of the premises, and, if the grantee shall die without leaving any heir of her body, the premises shall revert to the grantor, &c.

4. A conveyance to a grantee "and to the heirs of her body" on condition that, if she shall die without leaving any heir of her body, the premises shall revert to the grantor, if the grantee's death shall take place during the lifetime of the grantor or his wife, but, if the grantee shall survive both the grantor and his wife and die without leaving any heir of her body, the premises shall revert to the estate of the grantor, creates an estate for life in the grantee with limitations over by way of contingent remainder, and the rule in *Shelley's Case* does not apply ; and therefore a conveyance by the grantee to the grantor conveyed only an estate for the life of the grantee.

5. The doctrine that an attempt by a grantor to make disposition of his estate after his death, without complying with the requirements of the statute of wills, is void, has no application to a case where the grantor has, by his conveyance, divested himself of his property in his lifetime, but applies to the disposition in his lifetime of property which will be in the donor at the time of his death, the tradition to take place at or after death.

On bill for specific performance. Heard on demurrer to bill.

*Mr. Fergus A. Dennis* and *Mr. John T. Bird,* for the complainants.

*Mr. John A. Hartpence,* for the defendant.

WALKER, V. C.

The bill is filed for the specific performance of a contract to convey lands in the borough of Princeton, and alleges that the complainants, John E. Robeson and Hattie M. Robeson, his wife, being seized or well entitled to the premises in question in fee-simple, on June 6th, 1907, entered into an agreement in writing with the defendant, Stephen H. Duncan, for the sale of the premises to him for $2,500, the sum of $300 being paid on the execution of the agreement, and the balance to be paid and secured at a time stipulated; that Duncan after paying the $300 notified the complainants that he refused to perform or carry out the agreement on his part, assigning as a reason that the complainants could not make a good and marketable title to the premises, he having, upon examination, discovered that they had sold and conveyed the premises to "Jennie Hardison and to the heirs of her body," upon conditions contained in their deed of conveyance to her, as follows:

"*First*—The said John E. Robeson, party of the first part reserves during the joint lives of himself and wife the right to have, hold, possess and enjoy, severally and jointly, to themselves and to them all the rents, issues and profits accruing out of the premises herein above conveyed.

*Second*—That if said Jennie Hardison shall die without leaving any heir of her body then the premises herein above conveyed shall revert back to the said John E. Robeson, if said Jennie Hardison's death shall take place during the life time of said John E. Robeson or his wife. But if said Jennie Hardison shall survive both the said John E. Robeson and his wife and then die without leaving any heir of her body then the premises herein above conveyed shall revert back to the estate of the said John E. Robeson, the donor."

That afterwards, and on April 26th, 1907, Jennie Hardison, by deed of quitclaim, sold and conveyed the premises to the complainant John E. Robeson. Both deeds were acknowledged, delivered and recorded.

The complainants' contention is, that by their deed to Jennie Hardison a perfect title in fee was conveyed, but that in case the conditions in that deed have any binding force or effect they are in favor of the complainants, or one of them, and no one else, and that a conveyance by them, according to their agreement with the defendant, will effectually estop them or their heirs from claiming

any title in the premises and will secure to Duncan a good and sufficient title to the same.

The prayer is that Duncan may be compelled to specifically perform the agreement on his part and pay to the complainant John E. Robeson the remainder of the purchase-money of $1,000 in cash, and execute a mortgage for $1,200 on the same premises to secure the balance, according to the agreement, the complainants offering to perform on their part.

The defendant demurs to the bill for want of equity, and the question that arises is, has Mr. Robeson an estate of inheritance in fee-simple absolute in the premises, or is there an estate tail, or some other estate, in Jennie Hardison, which was not divested by her quitclaim deed to Mr. Robeson for want of power in her to make a conveyance of any greater interest in the premises than an estate for her life, in which case the title is defective and the complainants cannot be relieved.

The estate conveyed to Jennie Hardison by Mr. Robeson was an estate of freehold, but not in possession, for by the first condition in the deed he reserved to himself, during the joint lives of himself and wife, the possession and enjoyment of the premises and the usufruct thereof. This condition need not be further noticed, as it is in the second condition that the limitation of the estate is to be found.

If the conveyance to Jennie Hardison created an estate tail, she took but a life interest, and her conveyance to Mr. Robeson created in him an estate only during the continuance of her life, and this is so even though her deed to him was one of quitclaim and release, for it was founded upon a valuable consideration which gives it effect as a deed of bargain and sale notwithstanding the want of an estate in possession in the releasee (assuming that the rights reserved by Robeson do not amount to an estate in him, which is not decided). *Havens* v. *Seashore Land Co., 47 N. J. Eq. (2 Dick.) 365.* If she had an estate tail then the freehold would not ripen into a fee-simple until the limitation over took effect. *Gen. Stat. tit. "Descent" p. 1195 § 11.*

The act of March 24th, 1899 (*P. L. 1899 p. 531*), as amended by the act of April 9th, 1902 (*P. L. 1902 p. 688*), cited by counsel, has no application to the case at bar. That act simply

provides that a conveyance to a given person, without more, shall, unless exception be made therein, be construed to convey a fee-simple, if the grantor have a fee-simple, without words of inheritance being included in the conveyance; and it also provides what construction shall be given to certain covenants in deeds.

The complainants insist that the rule in *Shelley's Case* applies because they say that the grant is to Miss Hardison for life with a limitation over of an estate which in terms is expressed to be given to her heirs, and therefore the estate given to her, the ancestor, although expressly given for life, is by force of the rule enlarged to a fee, the remainder over being executed immediately in the ancestor.

Whether or not the rule in *Shelley's Case* applies depends upon the construction of the grant or devise under consideration. *Martling* v. *Martling, 55 N. J. Eq. (10 Dick.) 771, 782.*

In my opinion, the estate with which we are here dealing is one in which the limitation over is by way of contingent remainder, and, therefore, the rule in *Shelley's Case* does not apply.

It is true the grant is to "Jennie Hardison, the heirs of her body and assigns forever," which would, at common law, create an estate tail, and which would by our statute of descent create a fee-simple in her issue upon the determination of her life estate, but the limitation over is expressly controlled by the second condition in the deed. The limitation expressed more perspicuously, perhaps, than in the condition itself, is this: If Jennie Hardison should die during the life of Mr. Robeson and his wife, without leaving any heir of her body, then the premises shall revert to him, but if she should survive Mr. Robeson and his wife, and then die without leaving any heir of her body, the premises shall revert to the estate of Mr. Robeson (whatever "estate" may exactly mean in this connection). The person who is to take the remainder upon the death of Jennie Hardison cannot be ascertained until her death, and the taker may either be an heir or heirs of her body, or Mr. Robeson or his "estate;" therefore, as I said, the remainder is contingent.

If the conveyance had been to Jennie Hardison and her heirs general it would have created in her a fee-simple; if to her and the heirs of her body, without more, it would have created a fee-

tail, but the limitation is to her and the heirs of her body, in default of which the estate shall revert to Robeson or his "estate" as the case may be.

As we have seen, the estate of Jennie Hardison in the premises in question was one for her life only, with limitation over by way of contingent remainder, and therefore her conveyance to Robeson was no more than the grant of an estate *pur autre vie,* that is, an estate whose duration is measured by her life.

The complainants in their bill charge that the second condition in the deed under consideration is null and void, because it is an attempt to make disposition of the estate of the grantor after his death without complying with the requirement of the statute of wills, but the point was not urged on the argument of the demurrer. This doctrine applies to the disposition in his lifetime of property which will be in the donor at the time of his death, the tradition to take place at or after death (*Stevenson* v. *Earle, 65 N. J. Eq. (20 Dick.) 721*), and to deeds intended by the grantor to be delivered after his death. *Schlicher* v. *Keeler, 67 N. J. Eq. (1 Robb.) 635.* It can have no application to a case where the grantor has by his conveyance divested himself of his property in his lifetime.

Mr. Robeson divested himself of a fee-simple by his conveyance to Jennie Hardison, and he has not reacquired that estate in the lands. The provision in the conveyance that the estate should revert to Robeson or his "estate" upon the happening of certain contingencies was only by way of limitation upon the grant. Whether that limitation is void for any reason it is not necessary to consider, for without it the estate in the grantee would be one in fee-tail, which, under our statute, would give her an estate for life with the remainder in fee to the heirs of her body.

My opinion is that in no aspect has the complainant Robeson a fee-simple, and, consequently, he and his wife are unable to convey to the defendant an estate of the quality (fee-simple) which they admit he bargained for, and, consequently, the title is defective.

The demurrer must be sustained.