Johannes Hermann Curt Rosahl, by deed, assigned and delivered to the complainant securities of the face value of $10,000, upon trust, to pay the net income to him for life, then to his widow for life, corpus to his lawful issue; if no widow or issue, then to pay the net income to his mother, and upon her death to his three sisters, and the survivors of them, and upon the extinction of these life interests, to pay the principal to his appointee by will, and in default of appointment to his next of kin who would be entitled under the laws of this state to succeed to his personal property. The deed contained a provision that the trustor may, during his lifetime, by instrument in writing, duly acknowledged, "revoke as an entirety this deed of trust and the trusts then subsisting thereunder. In such case the trustee shall thereupon pay over, deliver, or otherwise dispose of, the entire *Page 75 
trust fund, both principal and income, in such manner as shall be by such writing directed." The trustor died intestate and unmarried, leaving his mother and his three sisters, his next of kin. The defendant McMahon was appointed administrator of the estate. Shortly before the death of the trustor he executed and duly acknowledged an instrument, in writing, styled thereon, "Amendment to the deed of trust of Johannes Hermann Curt Rosahl, dated July 16th, 1921, in which the Newark and Essex Banking Company is the trustee of this estate," in which the trustee is given authority to manage the estate for ten years after his death, and semi-annually divide the income among his heirs (sic) in equal parts, and at the expiration of that time to divide the corpus equally among his remaining heirs (sic), and if there be none, then pay it to the city of Lueneburg (Hann.), Germany, to be used to feed the hungry school children and orphans. The trustee seeks the advice of the court in the administration of the trust and the determination of the rights of the parties in the estate. The trustee is advised that —
1. The deed of trust is not, as claimed by the administrator, testamentary, and, therefore, invalid, because it was not executed as wills are required to be. The trust was completely executed. The property passed out of the donor and vested in the trustee to the beneficial use of the cestuis quc trustent. That some of them were not to come into enjoyment until after the death of the donor did not affect the vesting of their interest. If the power of revocation is not exercised the interest remains vested as though such power had not been reserved. 1 PerryTrusts 137. The power is personal to the trustor. Jones v.Clifton, 101 U.S. 225; Brandies v. Cochrane, 112 U.S. 344.
The reservation of such power is not inconsistent with the passing of title to the property to the trustee. Stone v.Hackett, 78 Mass. 227; Windolph v. Girard Trust Co.,91 Atl. Rep. 634. The omission of such reservation has led to voluntary settlements being set aside on the ground of mistake.26 R.C.L. 107, Garnsey v. Mundy, 24 N.J. Eq. 243. The distinction between *Page 76 
trusts thus created and transfers of property to take effect after death, as in Stevenson v. Earl, 65 N.J. Eq. 721, upon which the administrator relies, is that in the one the property immediately passes out of the donor while in the other it remains in him and passes at death. The doctrine of that case, as pointed out by Chancellor Walker, in Robeson v. Duncan, 74 N.J. Eq. 745: "Applies to the disposition in his lifetime of property which will be in the donor at the time of his death; the tradition to take place at or after death. * * * It can have no application to a case where the grantor has by his conveyance divested himself of his property in his lifetime." The courts have frequently upheld such trusts as against attacks, that they were testamentary. Green v. Tulane, 52 N.J. Eq. 169. See, also, New Jersey Title Guarantee Trust Co. v. Archibald,91 N.J. Eq. 82; Kaufman v. Edwards, 92 N.J. Eq. 554; Dunn v.Houghton, 51 Atl. Rep. 71. When, however, it plainly appears that a revokable trust to take effect in enjoyment at the death of the trustor was created in evasion of the statute of wills, equity will decline to enforce them. Kelley v. Snow,185 Mass. 288; Seaman v. Harmon, 192 Mass. 51; McEvoy v. Boston FiveCent Savings Bank, 201 Mass. 50; Brown v. Crafts, 98 Me. 40.
There is no evidence in this case indicating such a purpose.
2. The rights of the cestuis que trustent under the deed of trust are not impaired by the "amendment." Their vested rights were subject to defeat only in the manner and form reserved to the trustor, and any other course, to that end, adopted by him was futile and is unavailing. 26 R.C.L. 1206; Lippincott v.Williams, 63 N.J. Eq. 130. The right reserved to the trustor was to "revoke as an entirety this deed of trust," and thereupon the trustee was "to pay over the entire trust fund, both principal and income," as directed by the revoking instrument, viz., to revoke the legal estate of the trustee and to repossess himself of the trust property as a whole. Short of that there was no reservation. He could have destroyed the trust altogether but not in part. While the trust as a unit was subject to his will or *Page 77 
whim, it was not within the scope of the reserved power to amend or supplement the deed or to alter the rights of the cestuis quetrustent. It is suggested, but not urged, that the right to revoke the trust implies the power to modify it. That may have been the intention, but the language of the reservation does not admit of that construction. The deed fixes the rights of the parties to the fund, the donor's as well as the donee's, and each is bound by its terms. Gulick v. Gulick, 39 N.J. Eq. 401.
The trustee is directed to, for the present, perform the trust according to the provisions of the deed. They are unambiguous and do not call for specific instruction.
The principal of the fund is now vested in the trustor's next of kin who take under the statutes of distribution as they stood at the time of his death (American Builders' Corporation v.Galligan, 94 N.J. Eq. 731), but this question must be determined finally when the time for distribution arrives.Nagle v. Conard, 79 N.J. Eq. 124.