NATHAN D. JOHNSON & another *vs.* DAVID WHITON & others.

Middlesex. Jan. 19. — Sept. 3, 1875. AMES & ENDICOTT, JJ., absent.

A deed of trust, reciting that the purpose of the grantor was to secure the income of the trust property to his wife and the property to their children, conveyed real and personal property to trustees, their heirs, executors, administrators and assigns forever, for the use of the grantor's wife for life; and if she should die before him and intestate, to pay two thirds of the income to him, and one third to his children until his death; and if she should leave no will, then after his death "to convey the same to the person or persons legally entitled." *Held,* that upon the termination of the life estate of the wife, who left no will, and the death of the grantor, his heirs were entitled to the remainder under the terms of the deed, and that neither the grantor nor his son who died before him, had any interest in the estate which could be levied upon by creditors.

BILL IN EQUITY by Nathan D. Johnson and Minnie D. Johnson, an infant under the age of twenty-one years, by her next friend, alleging the following facts :

The plaintiffs are the only heirs at law of Nathan Johnson, Nathan D. being a son and Minnie D. the daughter of another son, Samuel O., deceased. Nathan died February 24, 1872. On July 3, 1844, Nathan, being seised in fee of certain real estate in Woburn, executed, together with Joseph H. Dorr and David Whiton of the second part, and Susannah Johnson, his wife, of

the third part, a conveyance in trust of the said real estate, together with all his personal property, to the said Dorr and Whiton, reciting that " the said Nathan in consideration of love and affection, and for the purpose of securing to his said wife the income and profit of the estates hereafter described, and also securing the same to their children, proposed to convey the same in trust, to be held on the terms and conditions hereafter expressed," and containing the following provisions : " To have and to hold the same to the said parties of the second part, their heirs, executors, administrators and assigns forever. But upon the trusts nevertheless and to the uses and purposes following, to wit : The said parties of the second part shall hold said estates and personal property for the sole use and benefit of the said Susannah for and during her natural life ; and shall permit her to use and occupy the same free of all rents, she paying taxes and charges upon said estate, and keeping the buildings in proper repair ; or in case she should not choose to occupy said premises, then said parties of the second part shall lease said estate and shall, after paying all the taxes and expenses and keeping said estate in repair, pay over the income thereof to the said Susannah during her natural life, and on her own personal receipt and not that of her said husband.

" And it is further agreed that in case the said Nathan shall survive the said Susannah, and she should die without having made her last will and testament, then said parties of the second part shall hold said real estate and personal property on the further trust as follows, to wit :

" The said parties of the second part shall, after paying all expenses and repairs, pay over to said Nathan two thirds of the net income of said estate during his natural life, and the other one third to the children of said Nathan and Susannah, to be divided equally among them, which said trust shall continue till the death of said Nathan, when the same shall cease.

" And it is further agreed that the said Susannah may, by her last will and testament, duly executed, devise and dispose of all said estate, and in case she does make such devise or disposition of said estate, then the same shall be carried into effect, instead of the trusts here created for the benefit of her said husband and children, and said estate shall be conveyed by the said parties of

the second part according to the direction or disposition expressed in said last will.

" And the said parties of the second part shall from the income of said estate keep the same in proper repair, and they hereby agree so to do, and after paying all their reasonable expenses and charges to pay over the income thereof as above stated; and in case the said Susannah shall leave no last will and testament, and the said trust shall cease, then and after that the said parties of the second part shall convey the same to the person or persons legally entitled."

Susannah died on June 27, 1848, leaving no will. The children of Nathan and Susannah were two sons, Nathan D., one of the plaintiffs, and Samuel O.

On March 11, 1851, Adin Partridge, Edson E. Plimpton, and Jarvis A. Ames, copartners under the name of A. Partridge & Company, creditors of Samuel O. Johnson, having on October 25, 1850, attached the interest of Samuel O. in and to any real estate in the county of Middlesex, and recovered judgment, caused an execution to be levied and extended upon the supposed interest of Samuel O. in an undivided half part of said real estate, held in trust, in part satisfaction of the execution; and the said judgment creditors surviving, and the heirs of one of them, Adin Partridge, deceased, still claim title under and by virtue of said levy in one undivided half part of the said real estate so held in trust.

Joseph H. Dorr, one of the trustees, died in 1854, or thereabouts, and no successor to him in the trust has been appointed, and David Whiton is now the sole trustee under said deed. Peter Thacher, of Newton, is the administrator of Nathan Johnson, and to settle the rights of his creditors, if any there be, so far as this real estate is concerned, is made a party defendant to this bill.

The prayer of the bill was for a decree that Minnie D. Johnson should hold an undivided moiety of the trust estate free from any claim or lien by reason of the levy; that the trustee should convey the property to the plaintiffs; and that the surviving judgment creditors of said Samuel O. Johnson, and the heirs at law of Adin Partridge deceased, the other judgment creditor of Samuel O., and their representatives and assigns, be enjoined from setting up any title to said real estate, by virtue of said levy.

Answers were filed by Whiton and Thacher, admitting the allegations of the bill, and submitting their rights to the consideration of the court. Plimpton answered, setting up his rights under the levy of the execution.

Hearing before *Ames,* J., who reserved the case for the consideration of the full court, upon the bill, answers, a general replication, and a report, the substance of which was as follows :

The matters and things set forth in the bill and in the answers of Peter Thacher and of David Whiton, in regard to the creation and terms of the alleged trust, the decease of Susannah Johnson, intestate, in the lifetime of her husband Nathan Johnson, are correctly and truly stated.

It was also shown that Nathan Johnson, the father of said Samuel O. and Nathan D., died in February, 1872, and no evidence was produced of the existence of any debts or valid claims against his estate.

The firm of A. Partridge & Co. (composed of the persons alleged in the bill to be members of said firm) brought a suit at law against said Samuel O. Johnson, about October 25, 1850, in which they caused his interest in one undivided half of the land described in the bill to be attached ; and said suit was prosecuted to final judgment against said Samuel O. Johnson, upon which execution issued and was levied upon the property attached. Of the members of said firm Edson E. Plimpton is the only one who appears to answer to this suit, one of them, Adin Partridge, having deceased, and as to the other, Jarvis A. Ames, and the heirs of said Partridge, the bill has been ordered to be taken as confessed.

*T. H. Talbot,* for the plaintiffs.

*P. Thacher, pro se* and for Whiton.

*T. S. Dame,* for Plimpton. 1. The conveyance presents the ordinary case of a grant for life to the parents, with a vested remainder in fee to the children of the life tenants, as tenants in common. Perry on Trusts, § 320. *Wight* v. *Shaw,* 5 Cush. 56. *Blanchard* v. *Blanchard,* 1 Allen, 223. *Darling* v. *Blanchard,* 109 Mass. 176. *White* v. *Curtis,* 12 Gray, 54. *White* v. *Woodberry,* 9 Pick. 136, 138. Gen Sts. *c.* 89, § 12. 2 Cruise Dig tit. 16, *c.* 1, §§ 7–36.

2. No remainder will be construed to be contingent which may consistently be deemed vested. *Eldridge* v. *Eldridge*, 9 Cush. 516. *Blanchard* v. *Blanchard*, 1 Allen, 223, 225. *Pike* v. *Stephenson*, 99 Mass. 188.

3. The language of this conveyance does not show an intention to postpone its vesting after the death of Mrs. Johnson. There is no word or clause in the instrument indicating that the estate should not become vested in the children of Mrs. Johnson until after the death of both herself and husband, or either of them, and therefore it would vest before their decease. *Childs* v. *Russell*, 11 Met. 16. *Furness* v. *Fox*, 1 Cush. 134. *Eldridge* v. *Eldridge*, 9 Cush. 516.

4. It makes no difference that the legal estate, for the life of Mrs Johnson and her husband, was vested in a trustee. There was a vested remainder capable of seizure on execution. Gen. Sts. *c.* 89, § 12. *Parker* v. *Converse*, 5 Gray, 336, 339. *Poor* v. *Considine*, 6 Wall. 458. *Phipps* v. *Ackers*, 9 Cl. & F. 583. *White* v. *Woodberry*, 9 Pick. 136, 138. Gen. Sts. *c.* 103, § 1.

GRAY, C. J. The purpose of Nathan Johnson in executing the deed of trust is therein recited to have been to secure the income of the trust property to his wife and the property to their children.

The conveyance is to trustees, with apt words of limitation as applied to the real and personal property conveyed; and the purposes of the trust might require more than a life estate in the trustees. Clearly, therefore, they took the legal estate in fee. The principal trusts declared are, 1st, to the use of the grantor's wife for life; 2d, if she should die before him and intestate, to pay two thirds of the income to him, and one third to their children until his death; 3d, upon her death, leaving a will, to convey the trust property according to the dispositions and directions expressed in such will; 4th, if she should leave no will, then, after his death, to "convey the same to the person or persons legally entitled."

"The person or persons legally entitled" upon the death of the grantor are his heirs or distributees; and as the trust deed expressly requires a conveyance of the estate to them, contains no other disposition of the principal, and manifests no intention to reserve to himself any greater interest in or control over the

personal property than the real estate, and *nemo est hœres viven-tis*, this description of the persons who are to take the principal in remainder must be held to mean his heirs and distributees at that time. *Richardson* v. *Wheatland*, 7 Met. 169, 175.

It follows that neither the grantor, nor his son who died before him, had any interest in the estate which could be taken by cred-itors, and that there must be a          *Decree for the plaintiffs.*