## Luther P. Whipple *vs.* Silas Fairchild & others.

Essex. Nov. 7, 1884.  May 8, 1885.  Field, C. Allen, & Colburn, JJ., absent.

Land was conveyed to a trustee in trust to allow the grantor to occupy the premises, and to receive the rents and profits, to join with the grantor in such conveyances as he should make, if the trustee deemed it expedient, and, if requested by the wife and all the children of the grantor then living, to convey to the grantor, or to such person as he should nominate, and lastly, on the death of the grantor, to convey the property to the heirs of the grantor. *Held*, that the children of the grantor took, during his life, vested equitable interests in the land, which they could convey, subject to the contingency of their dying before their father, or of his exercising his right of appointment.

BILL IN EQUITY, against Silas Fairchild, Gilbert Hawkes, and Amos F. Breed, to compel the conveyance to the plaintiff of one undivided tenth part of a certain parcel of land in Lynn, called the Merry Place. The defendants Fairchild and Hawkes were

defaulted. The defendant Breed filed a plea, setting up title to the land.

Hearing before *Morton*, C. J., who reported the case for the consideration of the full court, in substance as follows:

On April 12, 1860, Daniel Fairchild conveyed the Merry Place to Gilbert Hawkes, upon the following trusts: " 1st. To allow the grantor, the said Fairchild, to occupy and improve the same, and to receive all the rents and profits thereof to his own use and behoof. 2d. To join with the said grantor in such conveyance as the said grantor shall make of all or any portion of said estate, whether absolute or in mortgage, or for any less estate than the fee simple, provided always that the said trustee shall deem said conveyance proper to be made, and the discretion of said trustee as to the propriety or expediency of such conveyance shall be conclusive, binding, and effectual in all cases, except only if the judge of probate for said county, or either of the ·justices of the Supreme Judicial Court, after notice to said trustee, shall certify in writing his approval of any ' conveyance proposed by the said Fairchild, the grantor, and in which the said trustee shall have refused to join, then the said trustee shall join in the deed or articles of conveyance aforesaid. 3d. After the death of the said grantor, or at any time before his death, if the said trustee shall be thereto requested by all the children then living and the wife of the grantor, the said trustee shall convey said property, in the former case to the heirs of said grantor, and in the latter case to the grantor, or to such person or persons as he shall nominate."

On September 30, 1868, the defendant Silas Fairchild, a son of Daniel, released, by a quitclaim deed, to Lyman B. Frazier, all his right, title, and interest in and to the Merry Place. Frazier was afterwards adjudged a bankrupt, and, on May 1, 1876, his assignee in bankruptcy conveyed to the defendant Breed all the interest conveyed to Frazier by the deed of Silas Fairchild. It was admitted that Frazier paid a valuable consideration for the deed to him, and that Breed had all of Frazier's title, if any. It was also admitted, that neither Silas nor Frazier was ever in possession of said land; and that Daniel Fairchild was alive at the time of the execution of the deed of Silas to Frazier.

On June 23, 1882, Silas Fairchild, after the death of his father, conveyed one undivided tenth of the Merry Place to the plaintiff.

Daniel Fairchild left at the time of his decease twelve children, and after his decease, and before the making of the deed from Silas to the plaintiff, two of the children died intestate and without issue. Hawkes, during the lifetime of Daniel Fairchild, made no conveyance, and was not requested to make any. It was agreed that Silas, if no title passed under his deed to Frazier, was the owner of five sixtieths under the deed of trust to Hawkes, and of one sixtieth by inheritance from his two deceased sisters, at the time of making the deed to the plaintiff.

If no title to any interest in the land passed by the deed of Silas to Frazier, judgment was to be for the plaintiff for six undivided sixtieths of the land described in the bill; but if title did pass to Frazier by said deed, judgment was to be for the plaintiff for one undivided sixtieth.

*C. A. Taber*, for the plaintiff.

*B. N. Johnson*, for Breed.

MORTON, C. J. The only question presented by this report is whether Silas Fairchild took, under the deed of trust of his father to Hawkes, any estate which was assignable by him during the life of his father.

By this deed, the Merry Place, so called, is conveyed to Hawkes upon the following trusts : 1st. To allow the grantor to occupy the premises and to receive the rents and profits. 2d. To join with the grantor in such conveyance as he should make, if the trustee in his discretion should deem it expedient. 3d. After the death of the said grantor, or at any time before his death, if the said trustee should be thereto requested by all the children then living and the wife of the grantor, the said trustee was to convey said property, in the former case to the heirs of the said grantor, and in the latter case to the grantor, or to such person or persons as he should nominate.

The grantor did not convey during his life, and the case presented is in substance one of conveyance upon the trusts that the grantor shall have the use of the property during his life, with a qualified power of appointment, and that at his death it shall be conveyed to his heirs.

We are of opinion that each of the children of the grantor took, under this deed, an equitable interest, which, although it might be defeated by the contingency, either of his death before the father, or of the father's conveying under the power, was assignable by him, subject to such contingencies.

In *Putnam* v. *Story*, 132 Mass. 205, a fund was bequeathed upon the trusts, to pay the income to the daughter of the testator during her life, and at her death "the capital sum to be equally divided among the heirs" of the said daughter, "share and share alike." It was held that the children of the daughter took vested interests, which they could assign during the life of their mother.

The only material difference between that case and this is, that, in the case at bar, the life tenant had a conditional power of appointment. The vesting of their interests in possession might have been defeated by the exercise of this power; but we do not see how the existence of the power affected the nature of the estate of the children, except that it rendered it defeasible. As the power was not executed, their estate has not been defeated, but took effect *secundum formam doni*, as if the power had not existed. *Moore* v. *Weaver*, 16 Gray, 305.

We are therefore of opinion, that the deed of Silas Fairchild to Frazier conveyed the equitable interest in the Merry Place, which the grantor, at the time it was given, had under the deed of trust; and it follows that the plaintiff is entitled to a conveyance of one undivided sixtieth part of it, subject to the payment of any legal charges which the trustee has against the estate. *Decree accordingly.*