FRED E. CRAWFORD vs. DORCAS A. LANGMAID & others.

Suffolk.    December 7, 1897. — May 21, 1898.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Bill in Equity to reach and apply Corpus of Trust Estate — Power of Appointment.*

Under an indenture which provides that A., having conveyed his property to trustees, is to have the power of disposal of the estate by will, and, in default of appointment by will, the property is to go to his heirs, and that the trustees may retain as principal or pay over to him, discharged of all trust, the proceeds of any real estate which they may sell, A. has no interest in the corpus of the estate which can be reached by a creditor in equity under the Pub. Sts. c. 151, § 2, cl. 11, as amended by the St. of 1884, c. 285.

BILL IN EQUITY, under the Pub. Sts. c. 151, § 2, cl. 11, as amended by the St. of 1884, c. 285, by a judgment creditor of the defendant, Dorcas A. Langmaid, to reach and apply upon his debt her interest in a trust property held by the other defendants.    The case was heard in the Superior Court, by *Sheldon*, J., who ruled that the plaintiff was entitled to hold the principal of the trust fund, and entered a decree directing that the defendants " forthwith convert into cash such portions of the corpus of the property mentioned in the bill of complaint as may be necessary to make the sum of $373.69," the amount of the sum due the plaintiff, with costs.

At the request of the defendants, the judge reported the case for the determination of this court, such decree to be entered as justice and equity might require.    The facts appear in the opinion.

*E. R. Champlin,* (*G. L. Wilson* with him,) for the defendants.

*H. T. Richardson,* for the plaintiff.

LATHROP, J.   By two deeds, executed on the same day, Mrs. Langmaid conveyed all her property to trustees, to manage the property and to pay her the net income semiannually during her life, and on her decease " to convey and transfer the said trust estate or the residue thereof to such person or persons and such object or objects, and in such way and manner as the said Dorcas A., by her last will and testament, duly admitted to probate in the Probate Court of said Suffolk County, shall provide and direct, or in default of a duly probated will to convey and transfer said trust estate to the legal heirs and representatives of said Dorcas A., in fee, and discharged of all trusts."

The deed also gave the trustees power to sell and convey the real estate or any part of it, with the consent of Mrs. Langmaid, for such price and on such terms as the trustees should deem best, and proceeded as follows : " and the proceeds of any and every sale or mortgage may be retained by such trustees as part of the principal of the trust estate, or may be paid over in whole or in part to said Dorcas A., and her acceptance of such money shall fully release and discharge the trustees from all further accounting or liability therefor."

The judge has found that the conveyances were not made with any actual intent to defraud either the plaintiff or any other creditors, by covering up or concealing property from him or them, but were made, without any valuable consideration therefor, for the purpose of securing the property to herself and her heirs by rendering it impossible for her to sacrifice it to the importunities of a spendthrift son ; and that she has received from the trustees all the future income for a long time to come, and has spent it for the benefit of her son.   The plaintiff does not now contend that there was any fraud on the part of Mrs. Langmaid, and the only question is whether, under the trust deeds, aside from the income, Mrs. Langmaid retained " any property, right, title, or interest, legal or equitable," which can be applied in satisfaction of the debt.

In *Pacific National Bank* v. *Windram,* 133 Mass. 175, in which it was held that a person could not settle his property in

trust to pay the income to himself for life with a provision that it should not be alienated by anticipation, so as to prevent his creditors from reaching the income by a bill in equity under the Gen. Sts. c. 113, § 2, cl. 11, it was said by Chief Justice Morton : "It is true that a man, who is not indebted, may by a voluntary conveyance made in good faith transfer his property so as to put it out of the reach of future creditors. When a man transfers a trust fund, of which the income is to be paid to him during his life, and the principal at his death to be paid or transferred to others, the principal may be beyond the reach of his future creditors."

There are only two grounds upon which it can be contended with any plausibility that Mrs. Langmaid retained any interest in the corpus of the estate which can be reached by her creditors, and these are the power of disposal of the estate by will and the possibility that the trustees may pay over to her the proceeds of any real estate which they may sell. We will consider these in their order.

It is undoubtedly true that, if a person has a life estate with a general power of appointment by will, and exercises the power, the property appointed is deemed in equity assets of the estate of such person, and subject to the demands of creditors in preference to the claims of his voluntary appointees or legatees. *Clapp* v. *Ingraham*, 126 Mass. 200. *O'Donnell* v. *Barbey*, 129 Mass. 453. *Olney* v. *Balch*, 154 Mass. 318, 322.

It is equally true that, where an estate is given over in default of appointment, the nature of the estate of the remaindermen is not affected by the power of disposition until that power is exercised. *Moore* v. *Weaver*, 16 Gray, 305. *Johnson* v. *Whiton*, 118 Mass. 340, 344. *Whipple* v. *Fairchild*, 139 Mass. 262. It follows that the mere right to exercise a power cannot be reached by creditors.

The power of disposition of the real estate is vested in the trustees. If they sell or mortgage any part of it, the deeds provide that the proceeds of any sale or mortgage may be retained by them as part of the principal of the trust estate, or may be paid over in whole or in part to Mrs. Langmaid. This certainly gives her no vested interest in the principal of the estate. *Palmer* v. *Stevens*, 15 Gray, 343, 345. The contingency

may never happen. If it happen, the whole matter is in the discretion of the trustees and cannot be reached by creditors. *Russell* v. *Grinnell*, 105 Mass. 425. *Hall* v. *Williams*, 120 Mass. 344, 346. *Minot* v. *Tappan*, 127 Mass. 333, 336. *Foster* v. *Foster*, 133 Mass. 179. *Wemyss* v. *White*, 159 Mass. 484, 486.

The question whether Mrs. Langmaid has any interest in the income of the estate which has not been disposed of by her, which can be reached by the plaintiff's bill, has not been argued, and we do not decide it. This can be heard and determined by the Superior Court. The decree entered for the plaintiff, on the ground that the corpus of the estate could be reached, must be                                    *Reversed.*