WARD M. OTIS, trustee, *vs.* ELLA A. MARCH & another.

Middlesex.   December 2, 1904. — January 7, 1905.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Devise and Legacy.   Power.*

A testator left a fund in trust, to pay the income to a son during his life, " and at his death the principal to distribute among those persons who would be legally entitled to receive the same were it given to him absolutely and he owing no debts." The son died testate leaving a wife and adopted daughter, and by his will gave $100 to his adopted daughter and "the balance " of all his property both real and personal to his wife. *Held,* that no power of appointment in the son could be inferred from the above bequest in trust, that the son by his will did not undertake to dispose of the trust fund held under the will of his father which was not his property, and therefore that the will of the son must be disregarded in distributing the fund under the will of the father, the result being that one third of it should be paid to the widow and two thirds to the adopted daughter.

BILL IN EQUITY, filed March 22, 1904, in the Probate Court for the county of Middlesex, by the trustee under the will of Delano March, late of Watertown, for instructions.

In the Probate Court *Lawton,* J. made a decree ordering that the whole of the trust fund be paid and transferred to Ella A. March, widow of Frank D. March, as the residuary legatee under his will. Mildred March, adopted daughter of Frank D. March, appealed, and the case came on to be heard before *Hammond,* J., who reserved it upon the bill and answers for determination by the full court.

*W. H. H. Tuttle,* guardian *ad litem* for Mildred March.

*H. I. Cummings,* for Ella A. March.

KNOWLTON, C. J.   In response to this bill of a trustee for instructions two respondents appear, Mildred March, the adopted daughter of Frank D. March, and Ella A. March, his widow and

residuary legatee.　The fund in question is held under the will of Delano March, the father of Frank D., in trust, to pay the income to Frank D. March for his life, "and at his death the principal to distribute among those persons who would be legally entitled to receive the same were it given to him absolutely and he owing no debts."　The adopted daughter claims two thirds of the fund as a distributee, and the widow claims the whole of it as the residuary legatee mentioned in his will.

There is nothing in the will of Delano March that directly suggests any power of appointment in his son, and it is contended by both claimants that there was no power of appointment under it.　A general power of appointment, if exercised, makes the appointed property assets of the estate and liable for the debts of the appointor.　*Clapp* v. *Ingraham,* 126 Mass. 200. *O'Donnell* v. *Barbey,* 129 Mass. 453, 455.　*Crawford* v. *Langmaid,* 171 Mass. 309.　It is strongly contended by the widow that there was no power of appointment and no appointment, and that her husband's will is of importance in the controversy, only as showing to whom the property would have gone if it had been given to him absolutely, he owing no debts.　We are of opinion that the counsel on both sides are right in their contention that there was no power of appointment.

It does not follow, however, that the son's will shows who would have been entitled to the property if it had been given to him absolutely.　So far as we can judge, his will has no reference to this property.　It contains but two sentences, the first giving his adopted daughter $100, and the second giving "the balance" of all his property both real and personal to his wife, and appointing her and one Otis executors.

The trust fund held under his father's will was not his property, and is not included in the disposition made by his will. If it had been given to him absolutely, it is a matter of conjecture how he would have disposed of it.　The report finds that he left a considerable estate upon which his will operates.　If he had owned absolutely this trust fund of about $50,000, and had disposed of it by will, probably he would have made a will very different from this, which disposes only of the estate that he acquired by his own efforts.

There being no attempt to dispose of this fund by the will of

Frank D. March, nor any intimation in the will as to how he would have disposed of it if he had owned it absolutely and owed no debts, we are of opinion that his will must be disregarded in making the distribution required by the will of his father. The result is that one third of the fund is to be paid to Ella A. March, his widow, and two thirds to Mildred March, his adopted daughter.

*So ordered.*