HIRAM TUELL, administrator, *vs.* KATHERINE F. HURLEY.

KATHERINE F. HURLEY *vs.* HIRAM TUELL, administrator, & others.

Norfolk.   March 15, 1910. — May 18, 1910.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Executor and Administrator.   Power.*

A widow, having under the will of her husband an equitable estate for life in the residue of his estate, with a general power of appointment of the remainder in fee, died leaving a will in which she disposed of her own property and exercised her power of appointment. She made four specific devises, giving a lot of land and the buildings thereon to each of her four daughters. The devise to one daughter was of real estate which was the individual property of the testatrix, and was all the property she left. The other three devises were of property

over which the testatrix had the power of appointment under her husband's will. " All the rest, residue and remainder " of her estate she gave to such of her four daughters as should be living at her death. As there was no residue of her individual property, this clause operated only under the power of appointment to dispose of some vacant land which was the residue of her husband's estate after the specific devises. It was necessary to sell some real estate to pay the debts of the testatrix and the expenses of administration. *Held,* that, although the testatrix, under the power in her husband's will, might have appointed the residue of his estate to her executor for the benefit of her own estate, yet instead of doing this she appointed it otherwise, and the general rule applied, that her individual estate must be exhausted in the payment of her debts before resorting to any part of the appointed estate for this purpose, and the rule, that specific devises are not to be touched to pay debts until general devises are exhausted, had no application, because that rule relates only to devises under the same will, and the general devise took effect only as an exercise of the power under the will of her husband; therefore that the individual real estate of the testatrix devised to one of the daughters must be sold to pay the debts of the testatrix, and must be exhausted before any of the appointed property could be sold.

PETITION filed in the Probate Court for the county of Norfolk on January 16, 1908, by the administrator *de bonis non* with the will annexed of the estate of Ann Whelan, late of Milton, for leave to sell real estate of the deceased for the payment of debts and charges of administration. In the Probate Court, *Flint,* J., made a decree that the petitioner be licensed to sell at public auction a certain parcel of real estate described in the petition which had belonged to the deceased. Katherine F. Hurley, a daughter of the deceased, to whom the real estate ordered to be sold had been devised by her mother, appealed from the decree; and

BILL IN EQUITY filed in the Supreme Judicial Court by Katherine F. Hurley, named above, against the administrator named above and the devisees under the will other than the plaintiff, praying that the administrator be enjoined from proceeding with the sale of the real estate devised to the plaintiff, but that he be ordered to sell instead certain vacant land. The defendants demurred to the bill.

These two cases came on to be heard before *Morton,* J., upon the demurrers in the suit in equity, and thereupon, without the waiving of any of the questions of law raised by the demurrers, the facts in both cases were agreed, and it was ordered by the justice, without objection, that the two cases should be heard together, and by consent of the parties he reported the cases for determination by the full court, such order and disposition to

be made of them as should seem meet. The facts which were agreed are stated in the opinion.

The cases were submitted on briefs.

*H. Tuell,* administrator, *pro se.*

*J. P. Magenis,* for Hiram Tuell, administrator, and others.

*E. C. Jenney,* for Katherine F. Hurley.

HAMMOND, J. Under the will of James Whelan his wife took an equitable estate for life in the rest and residue of his estate, with a general power of appointment of the remainder in fee. After his death she made a will in which she disposed of her own property and exercised this power of appointment.

By her will, after confirming to her daughter Katherine, the appellant, a devise contained in her husband's will, of certain real estate (apparently an unnecessary provision since the devise in the husband's will was clear enough), she makes four specific devises, namely, a lot of land with the buildings thereon to each of her daughters, the one given to Katherine being the individual property of the testatrix and the others all being the property over which she had only the power of appointment. "All the rest, residue and remainder" of her estate she gives to such of her four daughters as shall be living at her death. It does not appear that she in her own right had any property except the messuage bequeathed to Katherine as above mentioned, but there was some vacant land over which her power of appointment extended and which is covered by the residuary clause. Shortly stated, her will disposes of her own estate by devise to Katherine, and of the estate over which she had the power of appointment by three specific legacies and a residuary clause. She left no personal estate, and some real estate must be sold for the payment of her debts and the expenses of administration.

The only question on the merits is whether the land named in the residuary clause must first be exhausted in the payment of these debts and expenses before the estate named in the specific devise to Katherine can be touched for that purpose. It is settled in England and in this State that when the donee of a general power appoints to a volunteer the appointee takes the estate subject to the claims of creditors of the donee. *Clapp* v. *Ingraham,* 126 Mass. 200, and cases cited. See also the cases cited in 22 Am. & Eng. Encyc. of Law, (2d ed.) 1146, note 6. But the

individual estate of the donee must first be exhausted in the payment of his debts before the creditors can reach any part of the estate appointed. *Bainton* v. *Ward*, 2 Atk. 172, decided in 1741. *Fleming* v. *Buchanan*, 3 DeG., M. & G. 976, cited with approval by Holmes, J., in *White* v. *Massachusetts Institute of Technology*, 171 Mass. 84, 96. *Loring* v. *Wilson*, 174 Mass. 132, 143. See also *Patterson* v. *Lawrence*, 83 Ga. 703. If that rule is to be applied here then the estate specifically devised to Katherine, the appellant, should be exhausted before touching any portion of the estate appointed.

It is argued, however, by the appellant that there is a general rule that specific legacies are not to be touched to pay debts until general legacies are first exhausted for that purpose. There is no doubt of that general rule. But it is not applicable here. We do not reach that rule until we come to the property appointed, and we do not come to the property appointed until the donee's own property is first exhausted. While it is true, as argued by the appellant, that the donee of the power could have appointed the property to her executor for the benefit of her own estate, *Wood* v. *Wood*, L. R. 10 Eq. 220, and in such case the estate appointed could have been used for that purpose and, unless it was insufficient to pay the debts in full, even perhaps to the exoneration of the devisees of her own estate, yet there is no such appointment under this will. The whole property is appointed either specifically or generally to volunteers, and no such appointment can be implied from the will. And whatever power the creditors have to reach the property stands not upon the ground that it has been appointed by the donee for that purpose, because it has not been so appointed, but upon the general rule that the donee having exercised the power to volunteers has made it her property for the payment of her debts if her own property is insufficient, but not otherwise.

It follows that the decree of the Probate Court was correct. For the same reasons the demurrer to the bill in equity should be sustained. It becomes unnecessary to consider the other grounds of the demurrer.

> *Decree of Probate Court affirmed; demurrer to bill sustained and bill dismissed.*