ALFRED C. VINTON, administrator with the will annexed, *vs.*
MARLAND L. PRATT & others.

Suffolk.   October 18, 1917. — November 27, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Power.   Equity Jurisdiction,* Marshalling assets.   *Insolvent Estates.*

An appointment of property made by the donee of a testamentary power to a
creditor of such donee for the purpose of discharging the obligation of a guaranty
in writing, where the estate of the donee has been represented insolvent and
commissioners have been appointed under R. L. c. 142, § 2, gives the appointee
no priority over other creditors of the donee's estate.

BILL IN EQUITY, filed as amended in the Supreme Judicial Court
on February 3, 1917, by the administrator with the will annexed
of the estate of William H. Weston, late of Boston, for instructions
as to the claim of the defendant Marland L. Pratt, which is
described in the opinion.

The case was heard by *Loring,* J., upon the pleadings and
certain facts which were agreed to.   The substance of the facts
is stated in the opinion.   The single justice made a final decree
by which the plaintiff was instructed "that it is not his duty to
pay to the defendant Marland L. Pratt any of the sums claimed
by said Pratt under the appointment made to him in the will of
William H. Weston and the agreements set forth in the bill in
priority to the payment of the claims of the other creditors of
the estate of said William H. Weston."

The defendant Pratt appealed.

*A. C. Vinton,* administrator, *pro se,* stated the case.

*H. R. Bailey,* (*J. H. Stone* with him,) for the defendant Pratt.

*H. Wheeler,* for the defendant American Surety Company of
New York.

*W. C. Cogswell,* for the defendants Jenkins, Cogswell and Wood,
relied on the brief of the American Surety Company of New
York, and filed another brief *pro se* as trustee.

BRALEY, J.   The residuary clause of Nathaniel Weston's will
as modified by the codicil, after making certain bequests to his

uncle and his uncle's daughters, provided that the residue is "to be invested and the income to be paid to my nephews Edward S. Weston, Henry E. Weston and William H. Weston during their lives. As each nephew dies, the share in the principal from which he derived his income shall be paid over to his issue, if any, and in default of issue to whomsoever he may by will, devise and bequeath the same or order it to be paid over to. And in default of issue and a testamentary disposal of the same to my heirs at law. If issue take, they take in the same manner as if the deceased had died intestate, possessed of the same." William H. Weston died without issue, and exercised the power of appointment as follows: "I give and bequeath to Marland L. Pratt of said Boston so much of my estate, real and personal, and so much of the estate, real and personal, over which I have power of testamentary disposition under the will of the late Nathaniel Weston, as may be necessary to make up the whole, or any balance then outstanding and not repaid, of the sum of Twenty five thousand dollars, invested by said Pratt in the Crows Nest Mining Company's capital stock, for which investment Henry E. Weston and myself became guarantors under the terms of a memorandum of agreement made and entered into by and between said Henry E. Weston and myself of the first part and said Marland L. Pratt of the second part dated the First day of May A. D. 1897, together with accrued interest unpaid thereon at six percentum as in said agreement mentioned; hereby making said devise and bequest a first charge upon my said estate after the payment of my funeral and testamentary expenses, and directing my executor hereinafter named to ascertain what amount is so outstanding and not repaid upon said investment with interest up to the date of the probate of my will, and as soon as possible to realize the amount so found to be outstanding and not repaid out of my estate, with power to sell and convey so much of my real estate as may be necessary for that purpose after the exhaustion of my personal estate, and to pay said amount to said Marland L. Pratt."

The estate however having been represented to be insolvent and commissioners having been appointed under R. L. c. 142, § 2, whose report is now pending for confirmation, the plaintiff asks to be instructed whether as administrator with the will annexed he shall pay to Pratt the donee's share of the principal in whole

or in part, which has been received from the trustee under the donor's will, or whether this share has become assets of the estate for the benefit of creditors. It is settled that by the exercise of the power the property if necessary could be applied in satisfaction of the donee's debts. *Clapp* v. *Ingraham,* 126 Mass. 200. *Tuell* v. *Hurley,* 206 Mass. 65. *Minot* v. *Treasurer & Receiver General,* 207 Mass. 588. *Walker* v. *Treasurer & Receiver General,* 221 Mass. 600, 602, 603. *Gardiner* v. *Treasurer & Receiver General,* 225 Mass. 355. *Clarke* v. *Treasurer & Receiver General,* 226 Mass. 301. The origin of the rule in equity and its application are, referred to, and commented on, in *Clapp* v. *Ingraham,* where it was said that, although title passes under the will of the donor, yet the rule cannot be set aside, "because of doubts of the technical soundness of the reasons on which it was originally established." A very full discussion may be found in *O'Grady* v. *Wilmot,* [1916] 2 A. C. 231, 246, 247, 270. It has become a rule of property, and having been unchallenged for nearly forty years we cannot agree with the defendant, that it should be overset. *Boston Safe Deposit & Trust Co.* v. *Collier,* 222 Mass. 390, 395, 396.

But, as he further contends the rule applies only to gratuitous appointees and that being an appointee for value he is entitled to the bequest notwithstanding the insolvency of the estate, the business relations of the parties referred to in the will, which led to the bequests, are important. The defendant not only admits but joins in all the material allegations of the bill, from which as well as from the agreed facts it appears that the donee and Henry E. Weston executed an agreement under seal reciting that the Westons were promoting the organization of a corporation to operate a gold mine, and agreed when the corporation was organized to deliver to him properly signed and executed twelve thousand shares of the capital stock "fully paid and non-assessable" for the sum of $25,000. They also jointly and severally covenanted to save him harmless thereon, and further to secure the defendant for his investment, guaranteed the repayment of the money with interest at six per cent per annum payable annually, the principal sum to be repaid within three years from the date of the agreement. It was further stipulated, that ". . . as security as aforesaid each of the said Westons to make in due form a last will and testament devising and bequeathing the property

over which they have a power of disposition as provided in said will of Nathaniel Weston to said Pratt to an amount sufficient to pay and discharge the liability assumed by the parties of the first part, and not to alter said bequests to him until said Pratt shall have been paid his original investment and interest." The defendant thereupon made the investment, subsequently increased by the amounts shown in the supplemental agreements, which while guaranteeing repayment contained no provision that the power of appointment should be security therefor. The defendant paid for all the stock he agreed to take, but the Westons with the exception of two small payments failed to pay either the interest or to refund the sums invested. The capital stock having become worthless, as the company eventually failed and the corporation was dissolved, the defendant could have sued at law for reimbursement of the amounts with interest. *Elliot* v. *Hayes*, 8 Gray, 164. But he could not have maintained a bill in equity to compel specific performance of so much of the agreement as relates to the exercise of the power, or if a will had been duly executed in conformity with the agreement, to enjoin its revocation. *Crawford* v. *Langmaid*, 171 Mass. 309. *Farmers' Loan & Trust Co.* v. *Mortimer*, 219 N. Y. 290. Nor could the property, if the agreement were not performed, be charged with a trust in favor of the defendant. *Wilks* v. *Burns*, 60 Md. 64. And, if the power had not been exercised, the defendant's only remedy would have been an action for damages if the donee's estate had been solvent. *Crofut* v. *Layton*, 68 Conn. 91. It is settled, that, in so far as the bequest is made payable from the testator's own estate or general assets, it would be subject to the payment of debts. *Harmon* v. *Weston*, 215 Mass. 242, 248, and cases cited. The testamentary power however could not be exercised before the time intended by the donor of the power, and the will of the donee who had been given absolute dominion over the power speaks only at his death. *Sewall* v. *Wilmer*, 132 Mass. 131, 134. *Whipple* v. *Fairchild*, 139 Mass. 262. *Curley* v. *Lynch*, 206 Mass. 289. If the power then had remained unexecuted, the issue of the donee if any, or upon failure of such issue, the heirs at law of the donor would have come into possession of the property. But, having been executed, and his estate being insolvent, the property as we have said became assets to be applied in payment of debts which

are to be ascertained as of the date of his death. *Williams* v. *American Bank,* 4 Met. 317, 322, 323. ‑ R. L. c. 142. We find nothing affecting this principle in *Patterson* v. *Lawrence,* 83 Ga. 703, cited and relied on by the defendant. The court expressly say, "it is not shown that deceased did not have sufficient assets to pay the plaintiffs' claim," and "whether the execution of a general power of appointment would convert an estate into assets in equity for the payment of debts" is not decided. The defendant moreover held no security which upon the death of the debtor he could apply in satisfaction of his claim, but takes under the will, even if the donee used the power in satisfaction of the demands of a particular creditor to whom he had guaranteed reimbursement if the investment resulted in a loss. *Mutual Life Ins. Co.* v. *Everett,* 13 Stew. 345. *Taylor* v. *Allhusen,* [1905] 1 Ch. 529. *O'Grady* v. *Wilmot,* [1916] 2 A. C. 231, 264. And, when all the assets are marshalled as they must be for the payment of debts, the defendant's bequest, whether treated as a gift or as a preferential appointment, must abate even to the point of extinction, leaving him to share with all the testator's creditors, among whom distribution is to be made as the court of probate may determine. R. L. c. 142. *Tuell* v. *Hurley,* 206 Mass. 65. *Fleming* v. *Buchanan,* 3 DeG., M. & G. 976, 980. *Beyfus* v. *Lawley,* [1903] A. C. 411.

The decree of the single justice being in conformity with these views should be affirmed.

*Ordered accordingly.*