FIRST NAT. BANK OF SPARTANBURG, S. C., et al. v. DOUGAN et al.

(District Court, S. D. Georgia, E. D.   April 16, 1918.)

No. 20.

1. TRUSTS ⚬⟽147(2)—ESTATE OF CESTUI QUE TRUST—POWER TO TRANSFER.
   A testatrix bequeathed property to her daughter, "in trust for herself and her children, born and to be born." *Held* that, while the trust was executory during the life of the daughter, she and her living children were vested with an equitable interest in the property, which, although the amount was contingent on the birth of other children, they could assign or pledge, subject to the contingency.

2. TRUSTS ⚬⟽151(1)—RIGHTS AND REMEDIES OF CREDITORS OF CESTUI QUE TRUST.
   An absolute equitable estate in property held in trust is chargeable with the debts of the owner, and may be subjected in equitable proceedings and sold to pay a debt, and it is no objection that the quantum of the interest is to some extent dependent on a contingency.

In Equity.  Suit by the First National Bank of Spartanburg, S. C., the Merchants' & Farmers' Bank of Spartanburg, the Bank of Spartanburg, and the First National Bank of Spartanburg, S. C., as trustee, against Mrs. Elizabeth A. Dougan, P. M. Dougan, Arthur Dougan, Alfred M. Dougan, Elsie M. Dougan, Alice E. Dougan, Mrs. Elizabeth A. Dougan, trustee under the will of Elizabeth H. Mills, and the Southwestern Railroad Company.  Decree for complainants.

Lyles & Daniel, of Spartanburg, S. C., and Hitch & Denmark and Edwards & Lester, all of Savannah, Ga., for plaintiffs.
Wilson & Rogers, of Savannah, Ga., for defendants.

BEVERLY D. EVANS, District Judge.  This is an action by creditors of cestuis que trust to subject to the payment of complainants' debts the equitable interests of the cestuis in certain railroad stock hypothecated to secure their debts.  The facts are not in dispute, and the case is submitted to me for final decree on the bill and answer.

By the will of Mrs. Elizabeth H. Mills there was devised:

"To Mrs. Elizabeh A. Dougan, wife of P. M. Dougan, of Savannah, in trust for herself and her children, born and to be born, for their sole and separate use, share and share alike, the sum of forty-five thousand ($45,000.00) dollars, child or children of a deceased child to represent parent."

The estate so created by the will now consists wholly or in large part of 260 shares of the capital stock of the Southwestern Railroad Company.

There were born to Mr. and Mrs. Dougan eight children, seven of whom, to wit, Arthur, Alfred, Elsie, Alice, Margaret, Frederick, and Mary, are in life.  A son Paul died at the age of 13 and his interest was inherited by his father P. M. Dougan, and his surviving brothers and sisters.  At the time of the filing of the bill (1915) Mrs. Dougan was 60 years of age, and her youngest child was between 19 and 20 years of age.

⚬⟽For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

On August 30, 1911, Mrs. Elizabeth Dougan, her husband, P. M. Dougan, and her four children, Arthur, Alfred, Elsie, and Alice, executed three notes, respectively, to the First National Bank of Spartanburg, S. C., the Merchants' & Farmers' Bank of Spartanburg, and the Bank of Spartanburg, wherein they promised to pay the several banks the respective principal sums of $5,537.57, $4,570.83, and $3,801.60. To secure these sums they deposited with the first-named bank certificates of stock for 260 shares issued by the Southwestern Railroad Company to "Elizabeth A. Dougan, trustee for herself and children under item 4, section 14, will of Elizabeth H. Mills," under a written contract that the bank holding the certificates shall hold them in trust for the three banks as a pledge and collateral for the payment of all the notes. The notes are past due, and, after crediting certain payments, there remains stated amounts unpaid.

The defendants do not contest the complainants' right to have judgment for their respective debts as described, but deny that the equitable interests of the cestuis que trust, who signed the notes, can be sold, so as to pay the judgment, before the trust becomes an executed one.

This item of the will of Mrs. Elizabeth H. Mills has been construed by the Supreme Court of Georgia as creating an executory trust, which will become executed only upon the death of Mrs. Elizabeth A. Dougan. In re Dougan, 139 Ga. 351, 77 S. E. 158, 48 L. R. A. (N. S.) 868, Ann. Cas. 1914B, 868. That ruling was made on the application of some of the cestuis to have a division of the trust estate, on the theory that under the facts Mrs. Dougan was incapable of bearing other children. The court adopted the common-law rule, that the possibility of issue is commensurate with life. The decision goes no further than to hold that so long as the trust is executory there can be no division in kind, awarding full title and possession in severalty to the respective cestuis que trust.

[1] The first question to be considered is the power of five of the cestuis to pledge, either by delivery of the pledge or by contract, their interest in the trust estate, because of the uncertainty of such interest, due to the possibility of that interest being reduced by the birth of future children. Chancellor Kent lays it down:

"That all contingent and executory interests are assignable in equity, and will be enforced, if made for a valuable consideration; and it is settled that all contingent estates of inheritance, as well as springing and executory uses and possibilities coupled with an interest, where the person to take is certain, are transmissible by descent, and are devisable and assignable." 4 Kent, 261.

The Supreme Court of Georgia quoted this language as being a true statement of the law. Dugas v. Lawrence, 19 Ga. 557. There can be no doubt that Mrs. Dougan and her children are vested with an equitable title to the stock, though the quantum of interest of each is contingent upon the number of children to be born in the future. Mrs. Dougan and each of her children have a vested equitable interest in the subject-matter of the trust. Croxall v. Shererd, 5 Wall. 268, 18 L. Ed. 572. A cestui que trust having a vested equitable interest, though con-

tingent, may convey it subject to the contingency. Whipple v. Fairchild, 139 Mass. 262, 30 N. E. 89. So we conclude that the cestuis had an assignable interest in the stock which they assigned to complainants as security for loans.

Mr. Perry, in volume 2 of his work on Trusts and Trustees, at section 815 (a), asserts that:

"In the absence of special circumstances, the creditors of the cestui can attach the beneficial interest in the hands of the trustee, as rents, profits, etc., payable to the cestui."

The equitable remedy of appropriating rents and issues arising from the trust property to a creditor of the cestui was applied in Wingfield v. Rhea, 73 Ga. 477. In that case the trust was to a married woman for life, with remainder over to her children, and an equitable action was sustained, having for its purpose the payment of a judgment against the life tenant out of the income of the trust property during her life. There is a prayer in the present bill for impounding the income pendente lite, and an interlocutory order was made enjoining the cestuis from alienating or incumbering their interest in the stock certificates, and requiring the trustee to deposit into the registry of the court so much of the dividends collected on the stock as represented the debtor cestuis' interest, to await final decree.

[2] The incidents of a legal title attach to an absolute equitable interest to such an extent as to permit alienation, and such interest may be taken for the payment of the debts of the owner. 1 Perry on Trusts and Trustees, § 386 (a). If an equitable estate be chargeable with the debts of the owner, it follows that such estate may be sold to discharge the debt. It is true that an execution issuing on a judgment is not leviable on an equitable estate; but it is also true that the corpus of an equitable estate may be subjected in equitable proceedings, and sold to pay the debt of the owner of the equitable estate.

If the equitable title be a vested interest, it is no objection to a sale of the corpus that the quantum of the estate be to some extent dependent on a contingency. At law a vested estate in remainder, subject to be divested by the death of the remainderman before the life tenant's death, is subject to levy and sale. Lufburrow v. Koch, 75 Ga. 448. In the present case there is no doubt that the cestuis take a vested interest. The possibility of an after-born child lessening the quantum of interest of each beneficiary does not convert the cestui's estate into a bare contingency. I conclude that the corpus of the estate of the debtor cestuis in the railroad stock should be sold to pay the debts for which their interest in the stock was pledged. I find that interest to be as stated in the bill.

Accordingly direction is given that a decree be entered, awarding judgment for the complainants in the amounts stated in the bill, and that commissioners be appointed for the sale of defendants' interest in the shares of stock, subject to confirmation by the court. The net dividends in the registry of the court will be applied to the payment of the judgment.