LADY MARIAN BATEMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 98766.   Promulgated December 11, 1940.

*Claude R. Branch, Esq., Charles Ryan, Esq.,* and *Abbot P. Mills, Esq.,* for the petitioner.
*Davis Haskin, Esq.,* for the respondent.

**OPINION.**

Leech: Petitioner and respondent are at issue here solely in regard to the 5 percent of the trust income which, by the indenture, was to be added to corpus, there being no question, of course, that the balance of the income is taxable to petitioner. Concisely stated, respondent's position is that petitioner's reservation of the power to appoint the corpus makes her taxable on the entire income arising therefrom. From his brief it would appear that he is relying mainly on section 22 (a) of the Revenue Acts of 1934 and 1936, and *Helvering* v. *Clifford*, 309 U. S. 331. He points specifically to petitioner's ability, as demonstrated by her borrowings from the trust in 1932 and preceding years, to secure full economic benefits from the trust corpus merely by obtaining loans from the trustees and appointing sufficient of the trust corpus to the trustees to secure them.

We first consider the fact that petitioner borrowed from the trust and pledged the appointment of trust property for security, as bearing on the taxability to her of the entire trust income. The trust was created long prior to the passage of the first Federal income tax law, and no scheme for tax avoidance is shown. This borrowing

transaction was certainly vested with all the outward formalities of an ordinary borrowing. Petitioner paid 5 percent on the loan and collateralized it with stock. In our opinion, the fact that petitioner borrowed from the trust and appointed corpus *tanto quanto* to secure these loans, is of no moment so far as her taxability on the income of the trust is concerned. Petitioner, as settlor, did not reserve any power whatever in the trust instrument to borrow any or all of the corpus from the trustee. On a similar state of facts we recently refused to sustain a tax proposed against a settlor under section 22 (a), although in that case the taxpayer had borrowed from the trusts he created and subsequently collateralized the notes given therefor, and, in addition, had reserved in the trust deeds the power to approve the trustee's investments. *Frank E. Wolcott*, 42 B. T. A. 1151. See also *Estate of Lorenzo W. Swope*, 41 B. T. A. 213. The present situation is *a fortiori* a stronger one for the taxpayer, for she relinquished all powers of management, including those of investment and reinvestment, to the trustees, reserved no powers save a revocable power of appointment, and put up outside collateral for the one loan she did make and paid interest thereon. Cf. *William J. Garland*, 42 B. T. A. 324, where the grantor was held taxable because of his reservation of a power to borrow of the trustee on unsecured notes.

Moreover, we are not impressed with respondent's contention that petitioner, by reserving a power to appoint the reversionary interest in the trust estate, retained such dominion over the corpus as to make her taxable under section 22 (a). The facts that the trust was coterminus with the grantor's life and that the third-party trustees were given no power to name petitioner as a successor trustee, taken in conjunction with the considerations mentioned in the preceding paragraph, prevent application of that section here. Cf. *Frank G. Hoover*, 42 B. T. A. 786.

There remains to be considered the effect of the reserved power under sections 166 and 167 of the Revenue Acts of 1934 and 1936. Petitioner relies on *Sarah A. W. Coursey*, 33 B. T. A. 1068, which held that a power of appointment did not make a settlor taxable under section 166 of the Revenue Act of 1928. The reason given by the Board was, however, that until the power was exercised, those who would take in default of appointment had an interest adverse to the revesting of the corpus in the settlor. That type of interest has been held not to be "substantially adverse" under the change in the statute effected by the Revenue Act of 1932. *Mary A. Cushing*, 38 B. T. A. 948. Nevertheless, we think petitioner must prevail for other reasons.

The trust deed provides that petitioner can not secure title to the corpus or any part thereof during her life. Even if she exercised

the power in favor of her estate after the creation of the trust and failed to revoke that act, she could never, herself, acquire the trust estate. Such action would merely create a remainder interest in her heirs. A reversionary interest in the grantor has been held not to constitute a power to revest the corpus in the grantor under section 166. *Blanche G. Penn*, 39 B. T. A. 787; *William E. Boeing*, 37 B. T. A. 178; reversed on another point, 106 Fed. (2d) 305; certiorari denied, 308 U. S. 619; *John Edward Rovensky*, 37 B. T. A. 702; *Helvering* v. *Wood*, 309 U. S. 344. A *fortiori*, a remainder interest enjoyable only by the grantor's heirs would not come within that section.

It is true that petitioner might have borrowed from the trustees or from some other creditor an amount equal to the value of the corpus, secured the loan by an appointment of the remainder interest in the corpus to the lender, and thus have enabled the lender to present a claim as a general creditor of her estate after her death. By controlling Massachusetts law, if the power of appointment were exercised, the estate would then have included the corpus of the trust. *Vinton* v. *Pratt*, 228 Mass. 468; 117 N. E. 919; *Shattuck* v. *Burrage*, 229 Mass. 448; 118 N. E. 889. Cf. *Crawford* v. *Langmaid*, 171 Mass. 309; 50 N. E. 606. Whether a prospective lender would advance credit on the sole security of a revocable appointment and lend himself to litigation with petitioner's heirs, as a practical matter would seem, at least, very doubtful. It is noted here that the trustees required petitioner not only to exercise her reserved power in their favor, but also to put up outside collateral for the one loan she did contract. However, decisive of the case, in our opinion, is that section 166 requires, if the grantor is to be held taxable on the income of his trust, that there be vested in the grantor a present power to revest *"in the grantor"* title to any part of the corpus. *Corning* v. *Commissioner*, 104 Fed. (2d) 329; *Henry A. B. Dunning*, 41 B. T. A. 1101. The power here to appoint the remainder in the corpus, revocable prior to the termination of the trust by the grantor's death, does not fall within the definitely expressed meaning of the statute. Since Congress has not yet covered the instant situation, it is beyond our power to do so. *Minnie M. Fay Trust "A"*, 42 B. T. A. 765. There is no ground, we conclude, for taxing this petitioner under section 166.

It would not be contended, we think, that the 5 percent of the trust income here in dispute was being accumulated for the grantor within section 167. The accumulation became part of the corpus and could never come into the hands of petitioner. We have been cited to no authority and we find none for the proposition that an accumulation of trust income which may at most redound to the benfit of the grantor's heirs requires taxation of the grantor under section

167. In fact, the contrary has just been held in *Antoinette K. Brown*, 42 B. T. A. 693.

We hold, therefore, that petitioner is not taxable on the entire income of the trust, but only on the 95 percent of net trust income distributed to her. The capital gains here involved were credited to corpus and do not constitute distributable income under controlling Massachusetts law. *Williams* v. *Inhabitants of Milton*, 215 Mass. 1; 102 N. E. 355; *Chase* v. *Union National Bank of Lowell*, 275 Mass. 503; 176 N. E. 508. Respondent does not contend that the gains are taxable to petitioner for any reasons other than those given for taxing the entire trust income to petitioner.

Petitioner is sustained on the principal issue. It follows that decision of the remaining questions, requisite only if petitioner were held taxable in respect of the entire trust income, will not be necessary.

*Decision will be entered for the petitioner.*