CLARENCE W. STRATTON, administrator, *vs.* ATHOL SAVINGS BANK, A. LOUIE TAFT, claimant.

Franklin.      September 17, 1912. — October 16, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, & DECOURCY, JJ.

*Gift. Donatio Causa Mortis. Assignment.*

If a woman about to undergo a dangerous operation, which she believes that she will not survive, sends for an attorney at law, executes an order transferring to her stepson a deposit in a savings bank represented by a bank book, and hands the order with the bank book to the attorney to be sent to her stepson in case of her death or to be returned to her if she lives and calls for them, but it is understood both by the woman and the attorney that he is to hold the order and the bank book as her agent and not as the agent of the stepson, and if the woman dies soon after the operation, there has been no gift as a *donatio causa mortis* or by way of an assignment, there having been no delivery to the donee or to any one for him during the lifetime of the donor.

CONTRACT OR TORT by the administrator of the estate of Mary L. Taft against the Athol Savings Bank, for $898.11 and interest, alleged to be the amount of a deposit which belonged to the plaintiff's intestate at the time of her death. Writ dated December 15, 1909.

Upon a petition of the defendant A. Louie Taft was summoned in as claimant and was made a party to the action.

The case was heard by *Crosby*, J., without a jury. The facts found by the judge were as follows: Mary L. Taft of Northfield, a short time before November 11, 1907, went to Brattleboro, in the State of Vermont, and there entered a hospital for the purpose of undergoing a severe operation. On November 11, 1907, she sent for one Harold E. Whitney, an attorney at law in Brattleboro, who called at the hospital to see her. She informed him that she was to undergo a very severe operation and feared that she might not recover. She told him that she had some property that she wished to leave, handed him a bank book issued by the Athol Savings Bank and asked him to make out an order in favor of her stepson, A. Louie Taft of Ludlow, Vermont. Mr. Whitney made the order as requested and it was executed by Mrs. Taft. Mrs. Taft delivered the order and the bank book to Mr. Whitney with the following instruction: "You take the book and, in the event that you learn of my death, send it by mail to A. Louie Taft of Ludlow, and in the event that I live and call for it, return it to me." Mrs. Taft underwent the operation on November 11 and died on November 14. Mr. Whitney learned of her death shortly after it occurred and sent the order and bank book by mail to A. Louie Taft at Ludlow.

At the close of the evidence the claimant asked the judge "to rule upon all the evidence that the claimant is entitled to a finding that the bank book became his property upon the delivery thereof by said Whitney to him and that the delivery by Mrs. Taft to Whitney on the evidence, was a valid gift *causa mortis.*"

The judge refused to make this ruling, and made the fourth ruling requested by the plaintiff, which was as follows: "That upon all the evidence the claimant cannot maintain his claim and the finding must be for the plaintiff."

The judge made the following findings and ruling: "I find that, at the time Mrs. Taft executed the order and delivered it and the bank book, she believed she was about to die and would not survive the operation. I further find that from the language used by Mrs. Taft it is plain that she did not intend that the order and bank book should be delivered to the donee Taft during her lifetime. Whitney held the order and bank book as her attorney

and representative during her lifetime and subject to her orders. I therefore find that there was no delivery to the donee, or to any one for him and so no title or possession passed to the donee during the lifetime of the donor. As there was no valid delivery of the order and bank book during the lifetime of Mrs. Taft, the property did not pass to the donee either as a gift *inter vivos* or *causa mortis*. Upon all the evidence in the case I rule as matter of law that no title to the deposit in question passed to the claimant, A. Louie Taft."

The judge found that the plaintiff was entitled to judgment for the amount of the deposit, less the sum of $25 allowed to the bank as costs. The claimant alleged exceptions.

*H. L. Skeels*, of Vermont, (*W. A. Davenport* with him,) for the claimant.

*F. L. Greene & J. J. Leary*, for the plaintiff, were not called upon.

HAMMOND, J. The first contention of the claimant is that there was a *donatio mortis causa* of this bank book to him. In the case of a gift *mortis causa* as well as in that of a gift *inter vivos* a delivery to the donee, or to some one for him, during the lifetime of the donor is necessary to the validity of the gift.. The gift "must be completely executed, precisely as required in the case of gifts *inter vivos*, subject to be divested by the happening of any of the conditions subsequent, that is, upon actual revocation by the donor, or by the donor's surviving the apprehended peril, or outliving the donee, or by the occurrence of a deficiency of assets necessary to pay the debts of the deceased donor. These conditions are the only qualifications that distinguish gifts *mortis causa* and *inter vivos*. On the other hand, if the gift does not take effect as an executed and complete transfer to the donee of possession and title, either legal or equitable, during the life of the donor, it is a testamentary disposition, good only if made and proved as a will." Matthews, J., in *Basket* v. *Hassell*, 107 U. S. 602, 609. While the delivery may be made by the donor to some one for the donee, and in such case is good even although the thing given is not transmitted to the donee until after the death of the donor, still the delivery must be such as to transfer the title during the lifetime of the donor, a title defeasible, it is true, but complete in the donee until so defeated, the only difference in this

respect between a gift *inter vivos* and a gift *mortis causa* being that the former is indefeasible while the latter is defeasible. *Duryea v. Harvey*, 183 Mass. 429, and authorities therein cited.

Was there such a delivery? The judge before whom without a jury the case was tried has found that Mrs. Taft did not intend that the order and bank book should be delivered to the donee Taft during her lifetime, and further found that Whitney held both the order and bank book as her attorney and representative during her lifetime and subject to her orders; and that there was no delivery to the donee or to any one for him and that no title or possession passed to the donee during the lifetime of the donor. The finding that the order and book were held by Whitney subject to her order, when taken in connection with the finding that he held them as her attorney, must be taken to mean not that he held them subject only to the general right of revocation of a gift completed by delivery, but subject to every order which the donor might give him with reference to them as her own property. In other words she had not lost her control over it as the general owner.

The claimant insists that these findings are not warranted by the evidence. But this position seems untenable. The judge had the witnesses before him, and in view of the statements made by Whitney in the two letters written by him and of his testimony on cross-examination as to the conversation and as to those letters, he may have come to the conclusion that the statement made by Whitney in his direct examination as to the precise language used by Mrs. Taft was not in all respects accurate, that Whitney understood from the language actually used that he was to hold the order and book as her agent and not as the agent of the donee and that such also was the understanding of Mrs. Taft. Upon the whole evidence the question of delivery was one of fact, and the findings upon that part of the case must stand.

The second contention of the claimant is that there was a complete assignment of the book. But here, as elsewhere in the case, there was no completion by delivery. The written paper was still held by Whitney undelivered and under the full control of the assignor. There was no executed contract.

Upon the foregoing findings the court properly refused to rule as requested by the claimant, and rightly ruled, as requested by

the plaintiff, that the claimant could not prevail. The case differs materially from *Pierce* v. *Boston Five Cents Savings Bank,* 129 Mass. 425, cited by the defendant.

The exceptions as to the admission and rejection of evidence were not argued by the claimant, and in view of their nature we consider them waived.

*Exceptions overruled.*