JENNIE I. RUSSELL *vs.* FRANKLIN A. WEBSTER & others.

Suffolk.    December 4, 1912. — January 29, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Gift.    Trust.    Agency.*

One S, being the owner of certain shares of the capital stock of a corporation,
caused such shares to be transferred to one who placed in his deposit box the
new certificate for such shares together with the following memorandum signed
by him: "The enclosed certificate . . . is the property of S, and is placed in
my hands by him for safe keeping.  I am to deliver the same to him at any time
he may ask for it, and am to pay over to him all dividends which I may receive on
the stock.  In case of his death I am to transfer this certificate entire to R . . .
and when this is accomplished my responsibility is ended."  During S's lifetime
the holder of the shares paid the dividends to him.  On the death of S, both the
executor of his will and R claimed the shares of stock.  *Held,* that the holder of
the shares was not a trustee, but was merely an agent for S, that the attempted
gift to R to take effect after the death of S was void, and that the executor of
the will of S was entitled to the shares.

DE COURCY, J.  The plaintiff in this bill in equity prays that
the defendant Webster be ordered to transfer to her a certificate
of sixty shares of the capital stock of the defendant Boston Parcel
Delivery Company.  The defendant Fred A. Sawyer, as executor
under the will of George A. Sawyer, deceased, in his cross bill
seeks to have this certificate of stock assigned to him; and as the
issue is really between him and the plaintiff, he is hereinafter
called the "defendant."

On or before May 28, 1904, George A. Sawyer, owner of the
stock in question, had it transferred on the books of the com-
pany to Franklin A. Webster and took out a new certificate in
Webster's name.  This certificate he gave to Webster with cer-
tain instructions which were embodied in the following memoran-
dum assented to by Sawyer: "Boston, Mass., May 28, 1904.  The
enclosed certificate for sixty shares of the capital stock in the
Boston Parcel Delivery Company, #136, is the property of George
A. Sawyer of Boston, and is placed in my hands by him for safe
keeping.  I am to deliver the same to him at any time he may ask

for it, and am to pay over to him all dividends which I may receive on the stock. In case of his death I am to transfer this certificate entire to Jennie I. Russell, #337 Washington St., Dorchester, Mass., and when this is accomplished my responsibility is ended. Franklin A. Webster."

Thereupon Webster put the certificate of stock together with the memorandum in his deposit box, and has so held it ever since. Sawyer, until the time of his death on December 1, 1910, was paid the dividends on the stock by Webster, and made no request to have the certificate delivered to him.

Upon these facts the question arises whether a valid trust has been established in the plaintiff's favor, so as to entitle her to this stock, or whether the transaction was in intention and legal effect an attempted testamentary disposition of it. The language of the memorandum clearly indicates that Webster held the certificate as the property of Sawyer, and that his possession was only that of bailee or agent. It is true that the stock stood in the name of this agent, but he was obliged to deliver it to its owner at any time that owner might ask for it. The entire income was payable to Sawyer, even without demand, and he was as free to dispose of it as when the stock stood in his own name. During his life he retained the entire dominion and control of the stock, principal and income, as its general owner, and Webster was merely his depositary, holding the property subject to his order. He intended that no title to or interest in the stock should pass to the plaintiff until after his death, but that it then should become hers in the event that he did not retake it from the possession of Webster. This was an attempt to make a testamentary disposition of the property, which under our statutes he could accomplish only by a duly executed will. *Howe* v. *Ripka*, 199 Mass. 359. *McEvoy* v. *Boston Five Cents Savings Bank*, 201 Mass. 50. *Stratton* v. *Athol Savings Bank*, 213 Mass. 46. The facts readily distinguish the case at bar from those wherein the owner manifested a present intention to divest himself of the entire control of the property by the creation of a valid trust, yet expressly reserved a power of revocation. *Stone* v. *Hackett*, 12 Gray, 227. *Bone* v. *Holmes*, 195 Mass. 495.

As the beneficial interest in and control of the shares of stock remained in George A. Sawyer so long as he lived and passed to his executor after his death, and as no trust therein was established

in favor of the plaintiff, a decree must be entered in favor of the executor, in accordance with the prayer in his cross bill.

*So ordered.*

*L. G. Brooks*, for the plaintiff.
*H. A. Mintz*, for the defendants.