WILLIAM F. MACKERNAN, trustee, *vs.* EDGAR B. FOX.

Middlesex.    November 13, 1914. — February 24, 1915.

Present: RUGG, C. J., BRALEY, DE COURCY, & CROSBY, JJ.

*Husband and Wife.  Writ of Entry.*

A wife, who under R. L. c. 153, § 33, has obtained a decree that she was deserted by her husband and is living apart from him for justifiable cause, by § 36 of the same chapter may convey her real property "in the same manner and with the same effect" as if she were sole.

Where a wife, who under R. L. c. 153, § 33, had obtained a decree that she had been deserted by her husband and was living apart from him for justifiable cause, in good faith conveyed certain real estate to a trustee in fee upon the trusts that he was to pay her the net income during her life and upon her death was to convey the property to her two nieces in fee simple unless otherwise directed by a written request of the grantor or by her will, and was to convey the property as the grantor might request in writing during her lifetime or

might direct and appoint by her will, it was *held,* that the trustee had a freehold estate in the property sufficient to maintain a writ of entry against the husband; as the power of revocation and appointment, if valid against the creditors of the grantor and against her husband in case he survived her, which here was not open to consideration, did not affect the present legal title of the trustee.

WRIT OF ENTRY, dated January 12, 1914, to recover six parcels of land in North Reading.

In the Land Court the case was tried before *Corbett,* J. The demandant put in evidence a certified copy of a decree of the Probate Court of the County of Suffolk dated December 12, 1910, declaring that on the petition of Mrs. Inez E. Fox of Winthrop in the county of Suffolk, wife of Edgar B. Fox of North Reading in the county of Middlesex, under R. L. c. 153, §§ 33–36, "it is hereby adjudged and determined that the said Edgar B. Fox has deserted the petitioner and that she is living apart from her husband for justifiable cause."

The demandant introduced in evidence the deeds of the premises establishing the title in Inez E. Fox of the six parcels of land and also a deed from Inez E. Fox to the demandant dated January 3, 1914, purporting to convey the demanded premises to the demandant by a quitclaim deed, using the words "remise, release and forever quitclaim." The habendum clause was as follows:

"To Have and To Hold the granted premises, with all the privileges and appurtenances thereto belonging, to the said William F. Mackernan and his heirs and assigns, to their own use and behoof forever, *in trust* nevertheless to and for the following uses, intents and purposes hereinafter mentioned, namely: *First;* in trust to receive, hold, manage, control, use and occupy the same and to collect the rents, issues and profits, derived or accruing therefrom; and out of the same to keep the premises in good repair, properly insured, and to pay all taxes and charges imposed thereon. *Second;* in trust to pay over the net rents, issues, and profits derived or accruing therefrom to the grantor for and during the term of her natural life. *Third;* in trust to convey in fee simple said premises upon the decease of the grantor to Florence L. Campbell and Inez E. Campbell of said Chelsea, nieces of said grantor, as tenants in common, unless otherwise directed either by written request made by the grantor to the

grantee during said grantor's lifetime or as the grantor may direct and appoint in her last will and testament. *Fourth;* in trust to convey in fee simple said premises to such person or persons as the grantor may by written request made to the grantee during her lifetime or by her last will and testament direct and appoint. Upon the conveyance of said premises in accordance with the terms of this instrument this trust shall thereupon immediately terminate and the grantee by the acceptance of this deed doth hereby signify his acceptance of this trust and doth hereby agree to faithfully discharge and execute the same according to the true intent and meaning of these presents."

At the close of the evidence the tenant asked the judge to find that the demandant had not proved a title in himself to the demised premises equal to a freehold estate, as required by R. L. c. 179, and that the powers vested in the demandant by the deed referred to were not such an interest in fee as to entitle him, as trustee or otherwise, to maintain a writ of entry.

The judge refused to make this finding. He found for the demandant and ordered that judgment be entered for him. The tenant alleged exceptions.

The case was submitted on briefs.

*W. B. Grant & S. Bancroft,* for the tenant.

*W. F. Porter,* for the demandant.

DE COURCY, J. The title to the property in question was in Inez E. Fox, the wife of the tenant Edgar B. Fox. By the decree of the Probate Court dated December 12, 1910, on her petition under R. L. c. 153, § 33, it was adjudged that her husband had deserted her, and that she was living apart from him for justifiable cause. By virtue of § 36 of the statute she was thereafter free to convey her real property "in the same manner and with the same effect" as if she were sole.

The deed by which she conveyed the property to the demandant "and his heirs and assigns" was in the ordinary quitclaim form and vested in him the legal title in fee, but upon certain trusts. So far as now directed he is to pay over the net income to her during her life, and upon her decease is to convey the property to her two nieces in fee simple. Plainly he has an estate of freehold sufficient to prosecute a writ of entry; and her motive in making the conveyance is immaterial. R. L. c. 179, §§ 1, 4.

*Packard* v. *Old Colony Railroad,* 168 Mass. 92. *Cleveland* v. *Hallett,* 6 Cush. 403. *Curtis* v. *Galvin,* 1 Allen, 215. See *Fay* v. *Taft,* 12 Cush. 448.

The tenant's attack is directed against the validity and effect of the provisions in the deed by which Mrs. Fox may direct the trustee to convey the property to another during her lifetime, or to transfer it after her decease as she shall appoint by her last will. This does not purport to affect the nature of the estate conveyed to the trustee, but only to render defeasible the remainder in fee given to the nieces. *Whipple* v. *Fairchild,* 139 Mass. 262. The power of revocation does not affect the present legal title in the demandant. *Stone* v. *Hackett,* 12 Gray, 227.

It is unnecessary to consider the validity of these provisions as against creditors of Mrs. Fox, or as affecting possible future rights of her husband Edgar B. Fox in the event of his surviving her. See *Crawford* v. *Langmaid,* 171 Mass. 309; *Kelley* v. *Snow,* 185 Mass. 288; *McEvoy* v. *Boston Five Cents Savings Bank,* 201 Mass. 50; *Russell* v. *Webster,* 213 Mass. 491. No such issue is open to the tenant in these proceedings, especially in view of the statement in the decision of the Land Court that "no evidence of fraud in the conveyance of the property was introduced;" and we express no opinion thereon.

*Exceptions overruled.*