PHILIP N. JONES, administrator, *vs.* OLD COLONY TRUST COMPANY & another.

Essex.    November 18, 19, 1924. — February 24, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Trust,* Validity, Inter vivos.

The owner of certain securities delivered them to a trust company together with an instrument, executed under seal and acknowledged by him, but not witnessed, which recited that he did "sell, transfer and deliver" the securities "in trust, nevertheless, for the following uses and purposes: To hold, manage, invest or reinvest same and any additions thereto which I may make at any time in accordance with its sole discretion, and to pay over the net income therefrom to me or upon my order, upon my request or in accordance with my instructions at any time or from time to time as long as I shall live, and upon my decease to liquidate the trust fund and pay over the following sums." There then followed numerous paragraphs designating specific dispositions of the principal of the fund, a paragraph giving the trust company the broadest of power as to investment and control, and a paragraph providing: "Notwithstanding anything hereinbefore contained to the contrary, the right is hereby reserved to alter or amend this instrument by a writing setting forth such alteration or amendment executed by me and delivered to the Trustee hereunder and upon my request in writing, the Trustee hereunder shall pay over to me at one time or from time to time such portion or all of the principal of the trust fund as may be requested in such writing." No consideration was paid by the trust company. In a suit in equity brought by the administrator of the estate of the settlor to regain possession of the property, it was *held,* that

(1) The instrument created a valid trust;

(2) The transfer being *inter vivos,* want of consideration did not affect its validity;

(3) The reservation of income to the settlor for life did not impair the validity of the trust;

(4) The validity of the trust was not affected by the power reserved to alter or amend its provisions and to direct the payment of any part or the whole of the fund to the settlor;

(5) The gifts to take effect after the death of the settlor, while in some aspects having a testamentary appearance, became operative immediately upon the execution of the trust subject to the contingencies created by the trust instrument itself.

BILL IN EQUITY, filed in the Superior Court on March 20, 1924, and afterwards amended, by the administrator of the estate of Olivia LeBosquet Endicott, late of Haverhill, to require the defendant Old Colony Trust Company to deliver to the plaintiff certain securities delivered by the intestate to that trust company under the terms of an instrument denominated a trust, of which The Cathedral Church of the Diocese of Massachusetts, admitted as a defendant by amendment, was one beneficiary.

The instrument referred to was dated August 13, 1917, and was executed by the intestate under seal. It was acknowledged before a notary public, but was not witnessed. By its provisions, the intestate purported to "sell, transfer and deliver to Old Colony Trust Company, the securities" referred to "in trust nevertheless, for the following uses and purposes: To hold, manage, invest or reinvest same and any additions thereto which I may make at any time in accordance with its sole discretion, and to pay over the net income therefrom to me or upon my order, upon my request or in accordance with my instructions at any time or from time to time as long as I shall live, and upon my decease to liquidate the trust fund and pay over the following sums:"

[Here followed twenty-eight paragraphs directing the disposition of designated sums and specific securities to sundry persons. There then followed these paragraphs:]

"Twenty-ninth: I give to Old Colony Trust Company all powers with reference to the management, sale and conversion, investment and reinvestment of the trust estate which I should have if personally present and acting, together with full power to hold the estate, or any part thereof, invested as it receives it, without liability for so doing; and I

direct that no person or corporation buying from or dealing with said Trustee shall be under any obligation to see to the application of the purchase money or otherwise to inquire into the reasons or authority for any action taken by said Trustee; and the Trustee shall have full power of determining all questions whether any money or things are to be treated as capital or income and of determining the mode in which the expense of management or other expense incident to or connected with the execution of the trusts hereof shall be borne as between capital and income and every such determination shall be conclusive on all parties interested.

"Thirtieth: Notwithstanding anything hereinbefore contained to the contrary, the right is hereby reserved to alter or amend this instrument by a writing setting forth such alteration or amendment executed by me and delivered to the Trustee hereunder and upon my request in writing, the Trustee hereunder shall pay over to me at one time or from time to time such portion or all of the principal of the trust fund as may be requested in such writing."

On the bottom of the instrument was indorsed a receipt of the securities by Old Colony Trust Company and an acceptance of "the foregoing trust."

There were six amendments in writing, each executed by the intestate under seal and none of them either acknowledged or witnessed. They all related to some of the paragraphs whereby specific disposition of portions of the trust property were made.

The defendants demurred to the bill for want of equity. The demurrers were heard by *Morton*, J., by whose order an interlocutory decree was entered overruling them. The judge, being of the opinion that the interlocutory decree so affected the merits of the controversy that, before further proceedings, the matter ought to be determined by this court, reported the question to this court under G. L. c. 214, § 30, for that purpose.

*S. H. Pillsbury*, for Old Colony Trust Company.

*P. N. Jones*, for the plaintiff.

*H. W. Ogden*, for The Cathedral Church of the Diocese of Massachusetts.

RUGG, C.J.   This is a suit in equity brought by an administrator for the recovery of property alleged to belong to the estate of his intestate.   She transferred to the Old Colony Trust Company, hereafter called the defendant, deposits in banks and other securities.   The transfer was made by instrument in writing and under seal in terms selling the legal title and delivering possession of all the property, described in detail in a schedule annexed, but upon specified trusts.   Those trusts were to hold, manage, invest and reinvest in its sole discretion, with the widest powers in this respect, to pay the income during her life to the intestate or in accordance with her directions, and at her decease to liquidate the fund and distribute it among numerous named beneficiaries.   Power was reserved to alter or amend the trust instrument in writing and to require the trustee to pay over to the settlor "at one time or from time to time such portion or all of the principal of the trust fund as may be requested" by her in writing.

The validity of this trust is established by *Stone* v. *Hackett*, 12 Gray, 227.   The instrument of trust there assailed, while slightly less explicit than the one in the case at bar, contained unequivocal power of modification and revocation with requirement for payment of income to the donor during his life.   The power of management and control conferred upon the trustee in that case was less ample and unrestrained than in the case at bar.   That case was decided more than sixty years ago.   It has been cited many times, always with respect. It must be regarded as an unshaken authority.   Doubtless many trusts have been declared in reliance upon the principle there established.   It may be treated as a rule of property.

The validity of such a trust instrument, being under seal and accompanied by actual delivery of the property, is not open to successful attack because of want of consideration. This was a fully executed trust *inter vivos.*   A purely voluntary trust will be upheld in such circumstances.   Reservation of income to the settlor for life does not impair the validity of the trust.   *Viney* v. *Abbott*, 109 Mass. 300.   *Gerrish* v. *New Bedford Institution for Savings*, 128 Mass. 159.   *Chippendale* v. *North Adams Savings Bank*, 222 Mass. 499, 502.

The power to change the terms of the trust does not affect the validity of the trust. *Kelley* v. *Snow*, 185 Mass. 288.

The right in the donor to withdraw the principal of the trust does not defeat the trust. *Stone* v. *Hackett*, 12 Gray, 227. *Davis* v. *Ney*, 125 Mass. 590. Such unqualified right in reason stands on the same footing as the right to withdraw as and when required for the support of the donor, which has been upheld. *Lovett* v. *Farnham*, 169 Mass. 1. The soundness of the decision in *Stone* v. *Hackett* is either affirmed or recognized in numerous cases where not absolutely essential to the judgment. *Kendrick* v. *Ray*, 173 Mass. 305, 310. *Seaman* v. *Harmon*, 192 Mass. 5, 8. *Bone* v. *Holmes*, 195 Mass. 495, 505. *Mackernan* v. *Fox*, 220 Mass. 197, 200.

The case of *McEvoy* v. *Boston Five Cents Savings Bank*, 201 Mass. 50, is distinguishable. There the nominal trustee had none of the ordinary powers of a trustee and was in substance and effect only an agent of the donor. In many cases upon which the plaintiff relies the attempted creation of a trust or gift was held to be the equivalent of an agency or bailment. *Hale* v. *Joslin*, 134 Mass. 310. *Nutt* v. *Morse*, 142 Mass. 1. *Stratton* v. *Athol Savings Bank*, 213 Mass. 46. *Russell* v. *Webster*, 213 Mass. 491.

The gifts to take effect after the death of the settlor, while in some aspects having a testamentary appearance, became operative immediately upon the execution of the trust subject to the contingencies created by the trust instrument itself. There is nothing in that instrument which manifests a purpose to circumvent the statute of wills. The case on this point is within the authority of numerous decisions. *Stone* v. *Hackett*, 12 Gray, 227. *Davis* v. *Ney*, 125 Mass. 590, 592. *Krell* v. *Codman*, 154 Mass. 454. *Bromley* v. *Mitchell*, 155 Mass. 509, 511. *Eaton* v. *Eaton*, 233 Mass. 351, 370, 372.

The class of cases illustrated by *Williams* v. *Milton*, 215 Mass. 1, *Frost* v. *Thompson*, 219 Mass. 360, *Flint* v. *Codman*, 247 Mass. 463, 469, 470, and cases there collected, where elaborate instruments for the purpose of carrying on the business of managing estates and properties through the medium of trustees have been held to create partnerships,

has no relevancy to the issues here raised. Trust instruments of that nature are essentially designed for the conduct of commercial enterprises. They are not to be confused through analogies or otherwise with a strict trust like that created by the trust instrument here under examination.

The interlocutory decree is reversed and a decree is to be entered sustaining the demurrers.

*So ordered.*