JOHN ROCHE, administrator, *vs.* BARTHOLOMEW A. BRICKLEY.

Bristol. October 26, November 16, 1925. — February 25, 1926.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Trust*, What constitutes, Validity.

A conveyance by a wife, by an instrument under seal, of a part of her personal property to a trustee, to be held by him subject to provisions that she should be entitled to receive all income from the money during her life; that she reserved "the power to change the following dispositions at any time upon notice to the said" trustee; and that at her decease he should "distribute said moneys as follows, provided, however, the dispositions herein set forth have not been changed," followed by the indicated dispositions, is not rendered invalid by reason of the facts, that it was voluntary, that the donor retained a power to change the dispositions made by the instrument, that she was herself to receive the entire income during her life and that the gifts to take effect after her death had some aspects of a testamentary character.

In the circumstances above described, it was *held*, that a finding, by a judge who heard a suit by the administrator of the estate of the woman who made the trust agreement to set the agreement aside, that there was no violation of the statute of wills, could not be said to have been without warrant; and, therefore, that the trust was not as a matter of law invalid by reason of that statute.

A finding by the judge, in the suit above described, that the deceased was not indebted when the trust was made, was *held* to have been warranted and to dispose of a contention by the plaintiff that the conveyance was made with intention to hinder, defeat, and defraud creditors.

The conveyance above described was not rendered invalid by reason of the fact that it was made to defeat any interest that the husband might have in the wife's property after her death.

BILL IN EQUITY, filed with a writ of summons and attachment dated May 18, 1922, by the administrator of the estate of Elizabeth Roche, late of Fall River, to set aside "the contract" with the defendant described in the opinion, and for an accounting.

The suit was heard by *Dubuque*, J. No evidence was reported. He found, besides the facts described in the opinion, that the husband of Elizabeth Roche was appointed administrator of her estate, and, as such, was the plaintiff

in the suit; that the policy of insurance on the life of the intestate, payable to her husband, was in the sum of $500, and that he had collected that sum; that therefrom he had paid $240 for funeral expenses, and that the only other debt due was the debt to Miss Tierney, described in the opinion, which was in the sum of $108.

The plaintiff asked for the following among other rulings:

"1. Upon all the evidence the finding must be for the plaintiff.

"2. There is evidence which would justify finding that the conveyance made by Elizabeth Roche was in fraud of her creditors."

"8. If the deceased died leaving no property other than that transferred by the trust agreement, but leaving debts which were a charge against her estate, no provision being made in said agreement for the payment of the same, the trust agreement is voidable by the administrator of her estate.

"9. If the court finds that the trust agreement was revocable at the will of the deceased and that deceased allowed the said agreement to stand, knowing that she left debts and no assets to pay said debts other than those transferred by said trust agreement, the said agreement was in fraud of her creditors and voidable by the administrator of her estate."

The rulings were refused. The judge ordered a final decree dismissing the bill, and reported the suit to this court for determination.

The case was submitted on briefs.

*A. S. Phillips & J. E. Lajoie,* for the plaintiff.

*H. D. McLennan, B. A. Brickley, & S. P. Sears,* for the defendant.

WAIT, J. This case is before us on a report from the judge of the Superior Court who dismissed the bill after hearing. Upon evidence, described in part, at least, as undisputed, but unreported, he found the following facts: In December, 1920, Mrs. Roche, who had for thirteen years been living apart from her husband and who was possessed of some $2,000 of her own, conveyed all her property to the defendant by an instrument of trust which provided that she

should receive the entire income thereof during her lifetime and that upon her death, the trustee should distribute the property then held by him among designated persons and in designated amounts. She did this with the intention, among other things, of placing her property in such way that her husband would not share in its distribution upon her death. Under a power of revocation reserved to her, she put an end to this trust in March, 1921, and received from the trustee the property which he had held, except a savings bank deposit for $590.87, and $200 in Liberty bonds. By an agreement signed by both under seal, she assigned, transferred and set over to the defendant all her right, title and interest in her "moneys and Liberty bonds" then in his hands "to be held by him upon the following terms and conditions, and to be disposed of as hereinafter described." The instrument provided that she should be entitled to receive all income from the money during her life; that she reserved "the power to change the following dispositions at any time upon notice to the said" trustee; and that at her decease he should "distribute said moneys as follows, provided, however, the dispositions herein set forth have not been changed"; and in six further sections it indicates the persons to whom and amounts in which the distribution should be made. These amounts total $800, and exceed slightly the amount conveyed. The trustee assented to the instrument and agreed to carry out its terms. She received from the trustee under the first trust about $1,600. What she did with this does not appear. About three weeks before signing the agreement, she engaged a Miss Tierney to act as a nurse. She told her that she could get her pay out of a policy of insurance on the life of Mrs. Roche. Miss Tierney "assented," as stated in the report; or "agreed," as stated in the findings of fact. The policy was payable to Mrs. Roche's husband as beneficiary; and he had refused to assent to any change of beneficiary, as Mrs. Roche well knew. Miss Tierney rendered service to Mrs. Roche until her death, May 14, 1921; but it does not appear from the report or findings when the actual attendance upon her began. The judge found that on March 19, 1921, when the agreement was executed, Mrs. Roche owed no debts, and

did not intend to hinder, delay or defraud her creditors; that her only purpose was to prevent her husband from sharing in any of her money or securities. At her death no property of hers was found. Miss Tierney rendered a bill for her services which is unpaid and is reasonable. There were expenses of sickness and funeral amounting to $240, besides charges of administration, which the plaintiff has no funds of the estate to meet.

The plaintiff presented nine requests for rulings. The judge refused to rule as requested in Nos. 1, 2, 8 and 9. This the plaintiff contends was error.

Requests 2, 8 and 9 were immaterial in view of the findings of fact, that the conveyance was in trust, was of part only of her property, was made at a time when she owed no debts, and was not intended to hinder, delay or defraud her creditors. These findings we cannot disturb. The evidence on which they were made is not reported.

The first request could not rightly be given unless the evidence, as matter of law, required a finding for the plaintiff. It was matter of fact whether the defendant was merely an agent or depositary of the deceased, or was a trustee holding an independent title subject to trusts. The judge found him to be a trustee. The finding was justified. *McEvoy* v. *Boston Five Cents Savings Bank*, 201 Mass. 50, and cases like *Russell* v. *Webster*, 213 Mass. 491, do not apply.

If there was a trust, its validity is established by *Jones* v. *Old Colony Trust Co.* 251 Mass. 309, unless there is force in the plaintiff's contentions that the instrument was invalid because it was a testamentary disposition not made by a will, because the deceased was indebted when it was made, and because it was intended to defeat any right which her husband, the plaintiff, might have in her property upon her decease. *Jones* v. *Old Colony Trust Co., supra,* which discusses the earlier cases, decides that the facts that transfer was voluntary, that the donor retained a power to change the dispositions made by the instrument, that she was herself to receive the entire income during her life and that the gifts to take effect after her death have some aspects of a testamentary character, but became operative immediately

upon the execution of the trust subject to the contingencies created by the trust instrument itself, do not render the trust invalid.

The judge has found that there was no violation of the statute of wills. The fact that "The plaintiff only conveyed a small portion of her property by the trust agreement" does not of itself establish that the conveyance was not testamentary and so not in violation of the statute of wills. A conveyance may be bad because of such violation, although it does not dispose of all one's property. But taken in connection with other facts, especially that the gift takes effect on the execution of the trust instrument, the fact that a small part only of the donor's property is affected is persuasive that the instrument is not testamentary. The first contention fails.

The judge's finding that the deceased was not indebted when the trust was made, disposes of the second contention. It is true that he finds that the nurse was engaged before the instrument was executed, but it nowhere appears that she rendered any service before March 19, so that any debt to her was in existence at that time. The intestate retained in her own possession more than enough to satisfy the bill which was actually incurred. Although it is not clearly stated, we interpret the findings to mean that Miss Tierney agreed to look to the policy of insurance for her pay. If so, the intestate never became indebted to her. No fraud on the intestate's part in her dealing with Miss Tierney is to be inferred as matter of law from the few facts before us. Cases such as *Matthews* v. *Thompson*, 186 Mass. 14, *Rolfe* v. *Clarke*, 224 Mass. 407, *Smith* v. *Clark*, 242 Mass. 1, and *Gunn* v. *Butler*, 18 Pick. 248, cited by the plaintiff, are not decisive on the facts before us. This was not a conveyance of all her property by one heavily indebted at the time.

Nor does it render the conveyance invalid that it was made to defeat any interest of the husband in the wife's property upon her death. The right to deal with her personal property in her lifetime was absolute so far as respected her husband, as long as the conveyance was not colorable, and was made to take effect in her lifetime. *Kelley* v. *Snow*, 185

Mass. 288, 299.   See also *Crawford* v. *Langmaid,* 171 Mass.
309.   The third contention fails.

In the circumstances of this case, we attach no importance
to the fact that the notice to the trustee of a change of the
disposition of the fund after the death of the donor is not, in
terms, required to be in writing.   The effect of an oral power
of modification has not been argued, and we do not consider it.

No error appears.   The defendant should be allowed his
costs upon the report, and, as modified by making provision
for such costs, the order for decree is affirmed.

*So ordered.*