273 P.2d 173

**ALEXANDER et al.**

v.

**ZION'S SAV. BANK & TRUST CO. et al.**

No. 8042.

Supreme Court of Utah.

Aug. 2, 1954.

---

David E. Salisbury, Grant H. Bagley, D. Eugene Livingston, Salt Lake City, for appellant.

John L. Black, Salt Lake City, for respondents.

TUCKETT, District Judge.

Appeal from a judgment permitting plaintiffs, beneficiaries of a purported trust, to terminate it and have the corpus distributed to them. Defendant was the second wife of the deceased settlor of the trust and claims a one-third statutory share[1] in the property on the basis that the purported trust is illusory and testamentary in nature.

Settlor and his first wife entered into the disputed agreement on January 10, 1930. It reserved in them the right to receive the income from the trust property, revoke the trust in whole or in part, change the beneficiaries and nature of the trust, add to the trust fund, and have the trustee pay the expenses of the last illness of the surviving

1. Sec. 74-4-3, U.C.A.1953.

settlor. During the lifetime of the settlors all taxes, assessments, insurance premiums and other expenses connected with the trust property were to be paid by them.

Subsequent to the execution of the instrument settlor's first wife died. On November 3, 1936, settlor married defendant. On May 21, 1940, settlor took the real property from the purported trust corpus. It was conveyed to a third party—which party in turn conveyed to the trustee the exchange property involved in this appeal. On July 11, 1940, settlor amended the agreement to provide that defendant should be entitled to the use and occupancy of the real property so long as she desired to occupy the same. Defendant continued to occupy the property until advanced age made necessary her living with her son.

There appears to be much conflict in decisions and authorities as to whether a settlor may reserve broad powers without affecting the validity of the trust[2] but we find it unnecessary to determine the effect of such reservations of power on the instant case, for, even if the reserved powers would not by their presence invalidate the trust, it would fail through application of the test requiring an interest which vests in the cestui, where the trust has broad reservations of power.[3] The trust instrument itself specifically negatives any possibility of vested interest when it says:

"The respective interests of beneficiaries in the Trust Fund created hereby *shall in no case vest* in such beneficiaries until they, respectively, shall become entitled to receive and demand, absolutely and forthwith, the income or principal of the said Trust Fund to which they, respectively, may be entitled hereunder, and such beneficiaries *shall have no control whatsoever over, or interest in* said Trust Fund except as herein provided; and they *shall have no right or authority to assign or anticipate* any income or share to which they may be entitled under the provisions of this Agreement, and the interests of said beneficiaries and each of them, either in the principal or the income shall not be liable in any manner or to any extent for the obligations or liabilities, voluntary or involuntary, of the said beneficiaries, or either or any of them, of whatsoever character." [4]

It is axiomatic that we look to the trust instrument to determine the rights of the

---

2. See Note, 164 A.L.R. 881 for summary of conflicting authorities. See also 43 Harvard Law Review 521.

3. Id. See also National Shawmut Bank v. Joy, 1914, 315 Mass. 457, 53 N.E.2d 113; Rose v. Rose, 300 Mich. 73, 1 N.W.2d 458; Van Cott v. Prentice, 104 N.Y. 45, 10 N.E. 257; Roche v. Brickley, 254 Mass. 584, 150 N.E. 866; Jones v. Old Colony Trust Co., 251 Mass. 309, 146 N.E. 716. See also Bogert, Trust & Trustees, Par. 104; 1 Scott, Trusts, par. 57.2.

4. R. 4.

parties named in the agreement. It is equally evident that the settlors intended that no right *vest* in plaintiffs until the death of the surviving settlor. Such declaration and intent make the trust testamentary in character and thus inoperative. For us to hold otherwise here would be to render impotent altogether the Statute of Wills.

Defendant is entitled to her one-third statutory interest in the property included in the purported trust. Judgment reversed. Costs to appellant.

McDONOUGH, C. J., and CROCKETT, HENRIOD, and WADE, JJ., concur.

WOLFE, C. J., being disqualified, did not participate in the hearing of this cause.