Etta Jean HORN, Administratrix of the Estate of Thressa G. Jones, Deceased,
Plaintiff and Appellant,

v.

FIRST SECURITY BANK OF UTAH, N. A.,
a National Banking Association, et al.,
Defendants and Respondents.

No. 14161.

Supreme Court of Utah.

April 16, 1976.

Gary A. Frank, of Nelson, Harding, Richards, Leonard & Tate, Salt Lake City, for plaintiff and appellant.

Heber Grant Ivins, American Fork, for defendants and respondents.

TUCKETT, Justice:

Thressa G. Jones initiated these proceedings in the district court seeking to nullify and set aside an inter vivos trust created by Clarence T. Jones. Thressa G. Jones also requested the court to set apart to her a one third fee simple in the real property covered by the trust instrument pursuant to the provisions of Section 74–4–3, U.C.A. 1953, the pertinent part of which is as follows:

> One-third in value of all the legal or equitable estates in real property possessed by the husband at any time during the marriage, to which the wife has made no relinquishment of her rights, shall be set apart as her property in fee simple, if she survives him; . . .

During the course of the proceedings Thressa died and Etta Jean Horn, administratrix of the estate of Thressa G. Jones,

deceased, has been substituted as a party plaintiff. From an adverse decision by the trial court, plaintiff appeals.

Clarence T. Jones lived in American Fork, Utah, for a period of some fifty years during which time he practiced his profession of veterinarian. Dr. Jones was married to Cleo Jones in 1918, and had two children, issue of that marriage, a son, Stanley, and a daughter, Irene. The son had two daughters, Kayleen and Janice, who are defendants. The daughter Irene had three children: Michael Peters, Peggy P. Cunningham and Craig Peters, two of whom are named defendants. The daughter died in 1953 and thereafter Dr. Jones treated and cared for her children as though they were his own.

After the death of Dr. Jones's first wife, he employed Thressa as a housekeeper and she moved into the home where she cared for the needs of the doctor and the grandchildren living with him. In the spring and summer of 1961 the doctor conferred with the trust officer of the First Security Bank relative to the creation of a trust. On June 23, 1961, the trust declaration which is the subject of this suit was executed. On July 14, 1961, in carrying out the provisions of the trust, Dr. Jones executed a warranty deed conveying all of his real property to the First Security Bank as trustee.

Some four months after the conveyance to the bank, Dr. Jones married Thressa. At the time of the marriage Dr. Jones was 67 years of age and Thressa was 59 years. Dr. Jones died testate on August 9, 1973, leaving Thressa as his surviving widow. Thressa died on November 25, 1974.

Under the terms of the trust instrument Dr. Jones reserved the right to amend its terms or to revoke the trust in its entirety. The settlor did in fact amend the trust on several occasions, one of which provided that Thressa receive the sum of $20,000 payable in monthly installments and that the remaining balance of the fund to be paid over to such person or persons she may designate or appoint to take after her demise.

It is the plaintiff's contention in these proceedings that the trust was testamentary in character and void as it did not comply with the statute of wills; and further, that the trust is illusory and a fraud upon the marital rights of the surviving spouse.

 The trial court found that the evidence did not support the claim of fraud, and after a careful examination of the record, we are of the opinion that that finding is correct. The trial court further found that the real property conveyed to the trustee was not a legal or equitable estate in real property possessed by the settlor at any time during the marriage. The trial court was further of the opinion that the conveyance of the property to the trustee prior to his marriage transferred the property out of the settlor's estate, and that it did not become a part of his estate at any time during the marriage even though the settlor reserved the right to amend or to revoke the trust. The trial court was of the opinion that even though the trust was revocable by its terms and the settlor reserved some incidences of ownership, it was not the reservation of a property right which would become part of the settlor's estate and that Section 74–4–3, U.C.A.1953, as above set forth, had no application.

 Counsel invites our attention to the case of *Alexander v. Zions Savings Bank and Trust Co.*[1] in which this court held that the trust there involved was testamentary and invalid under the statute of wills. The decision in that case was based upon the circumstance that the vesting of the cestuis' interest would not by the terms of the trust occur until after the settlor's death. The case does not stand for the proposition that the reservation by the settlor of the right of revocation or the right to amend the trust made the same either testamentary or illusory.

1. 2 Utah 2d 317, 273 P.2d 173; on rehearing, 4 Utah 2d 90, 287 P.2d 665.

The case of *Leach v. Anderson*[2] is called to our attention as having some bearing on the matter before us. However, that case involved a declaration of trust which came within the Fraudulent Conveyances Statute[3] and has no application here.

Each trust instrument differs from all others, but the tests for determining their validity are substantially the same. The majority of the decisions supports the view that a trust is valid, in spite of reserved powers, if the title to the property has passed to the trustee and vested interests have been created in the beneficiaries although those interests are subject to being divested.

In this matter it appears that the settlor by his conveyance to the trustee completely divested himself of title in the lands in question, and there was nothing left to set apart to the surviving widow. The reservations contained in the trust instrument did not reserve sufficient incidence of ownership as to render the trust illusory or invalid.[4]

The decision of the district court is affirmed. No costs awarded.

HENRIOD, C. J., and ELLETT and MAUGHAN, JJ., concur.

CROCKETT, Justice (dissenting):

The critical question in this case is whether the trust created by Dr. Jones prior to his marriage to Thressa Jones completely divested him of all legal or equitable estates in the real property which formed the corpus of the trust so that our widow's estate statute[1] does not apply. It provides:

> *One-third in value of all the legal or equitable estates* in real property possessed by the husband at any time during the marriage, to which the wife has made no relinquishment of her rights, *shall be set apart as her property* in fee simple, if she survives him; . . .

The purpose of this statute is to insure that a surviving widow shall not be deprived of inheritance in her husband's property. We should interpret and apply this statute consistent with that purpose; that is, in this instance, to prevent a person from using this illusory trust as a device to retain all of the advantages of ownership, while at the same time, putting the property beyond inheritance by his wife.[2]

The New York Court of Appeals was faced with a similar problem in *Newman v. Dore.*[3] There, the settlor had created a trust which retained in him the enjoyment of the entire income so long as he lived, but reserved a right to revoke at any time. Further, the powers given the trustee could be exercised "in such manner only as the settlor shall from time to time direct in writing." Upon the reasoning and public policy I advocate herein, the New York court held that such a trust was illusory,

2. 535 P.2d 1241 (Utah).

3. Section 25-1-11, U.C.A.1953.

4. *National Newark & Essex Banking Co. v. Rosahl*, 97 N.J.Eq. 74, 128 A. 586; *Goodrich v. City National Bank & Trust Co.*, 270 Mich. 222, 258 N.W. 253; *Rose v. Union Guardian Trust Co.*, 300 Mich. 73, 1 N.W.2d 458; Scott on Trusts, 3d Ed., Vol. 1, Section 57.1; Rest.Trusts 2d, Section 57; 164 A.L.R. 881.

1. Section 74-4-3, U.C.A.1953.

2. Compare *Leach v. Anderson*, 535 P.2d 1241 (Utah 1975), wherein a spend-thrift trust was invalidated under Section 25-1-11, U.C.A.1953, because the purpose of that statute is to prevent people from using trusts as a means of avoiding creditors' claims. a means of avoiding creditors' claims.

3. 275 N.Y. 371, 9 N.E.2d 966, 112 A.L.R. 643 (1937).

**1268**

and that it could not defeat the wife's right to participate in the estate.

In this case, Dr. Jones initially asked Thressa Jones to marry him in June, 1960, but put off the wedding until November, 1961, saying he had certain business to take care of first. When the trust was executed in June of 1961, it was identical in effect to the trust declared invalid in the Newman case just referred to. Dr. Jones reserved the right to amend or revoke at any time, to withdraw any or all of the principal, and to authorize all sales or other dispositions of the property, or investments of money earned by the trust. These very provisions are diametric refutation of the assertion that "the trustee completely divested himself of title in the lands in question; and there was nothing left to set apart to the surviving widow." If he had in fact completely divested himself of any and all interest in the property, then he would have had no more right in it than any passing stranger. This is so patently not true that the mere statement of the proposition shows its fallacy.

What the circumstances of this case and this trust instrument amount to is a subterfuge to circumvent the statute quoted above. The true meaning of what it says is: I will *not* divest myself of my property, except that I place the bare legal title elsewhere, so that my wife in my prospective marriage cannot have the interest therein which the law gives her.

In my judgment these conclusions are inescapable: (1) that this trust was planned and executed for the sole purpose of permitting Dr. Jones to retain full and absolute control of his property; (2) that it must necessarily follow that he retained some "legal or equitable" interest therein; and (3) that the widow (and her successors) are entitled to "one-third in value" of whatever that value may be determined to be. Inasmuch as it thus appears the trust was executed for the sole purpose of evading the statute, it should be held invalid.

